APRIL TERM, 1889.

12  421
12  514

Luthe v. Luthe.

1. DIVORCE — CUSTODY OF CHILDREN — ALIMONY.—Where, in a suit for divorce, the custody of the four children of the marriage, three of whom are girls, and two of whom are of tender years, is awarded to the defendant wife, who, though the divorce was granted for her misconduct, seems, as plaintiff concedes, a proper person to have charge of them, the appellate court will not, on appeal, reverse the decree in that respect.

2. In such case, the plaintiff having a profession in which he has been successful, and being the owner jointly with defendant of the family residence, which has a rental value of $80 per month, but of no other productive property, and defendant's misconduct not having been gross, alimony for the support of herself and children is proper; and the use of the residence, the insurance, taxes and interest on the incumbrances thereon to be borne by plaintiff; and an annual allowance of $50 for defendant and of $25 each for the children is, under the circumstances, a fair provision.

*Appeal from Arapahoe County Court.*

THE parties to this action were married in 1869. They lived together as husband and wife for about sixteen years, during which time five children were born to them, four of whom, aged fourteen, seven, six and four years, respectively, were living when this action was commenced and tried. The parties were without means at the time of their marriage, but had acquired considerable property by their joint efforts before they separated. The husband was a lawyer; and the wife, in the earlier part of their married life, had, in addition to her household duties, engaged in teaching and in canvassing as a book agent, whereby she had earned considerable money for the maintenance of the family, while the young lawyer was getting started in business. The parties sepa-

rated in the summer or fall of 1885, the children remaining with the mother, with the father's consent.    In April, 1887, the appellant, as plaintiff, commenced this action in the county court, praying for a divorce from the defendant on the grounds of desertion and extreme cruelty, and for general relief.    The defendant, by her answer, denied that she had been guilty of desertion or extreme cruelty towards plaintiff, but charged that plaintiff had deserted her, leaving herself and the four children entirely without means of support; that plaintiff was possessed of property amounting to about $14,000, and that he was a lawyer enjoying a lucrative practice.    She prayed for a divorce from plaintiff, and for the care and custody of said children, and for general relief.    By his replication plaintiff alleged that he was considerably in debt, and that the value of his estate, less his indebtedness, would not exceed $4,000, and that his law practice, though it had been from $2,000 to $6,000 per annum for the last ten years, had during the last year decreased to less than $1,000; that the rent from his productive real estate ($80 a month) was being paid to the defendant by the terms of the lease, she being joint owner of one-half interest therein, and that he was willing defendant should have the rents of said joint estate.

The case being tried by a jury, resulted in a verdict in favor of the plaintiff, and on May 24, 1887, the court rendered a decree dissolving the bonds of matrimony between plaintiff and defendant, and providing, among other things, that defendant should retain the custody of the children, to support and educate them; that, under certain regulations, plaintiff should be permitted to visit the children, and the children to visit him; that neither plaintiff nor defendant should seek to prejudice the minds of the children against either parent; that plaintiff should pay defendant alimony for support of herself and children, $80 a month, payable out of the rents, issues and profits of lot 25 and south half of lot 26,

block 150, Adae's addition to the city of Denver; that defendant should pay the interest on the incumbrance on said premises, and all taxes thereon. On lot 25 and south half of lot 26 mentioned in the decree there was a large dwelling-house, which had been the family residence. This property belonged to the plaintiff and defendant as tenants in common, and was mortgaged for $3,800. After the separation, and at the time of the trial, the defendant lived with her children in a small house, for which she paid $23 a month rent; and the family residence was rented for $80 per month, payable to her for the maintenance of herself and children. Shortly after the granting of the decree aforesaid the defendant procured a surrender of the lease of the family residence aforesaid, and took possession thereof for herself and children; and thereupon plaintiff entered said family residence, and removed certain articles of furniture therefrom. These acts created further ill feeling between the parties, and numerous disagreements also ensued about the visits from the children to the plaintiff. Finally, on July 25, 1887, two months after the first decree was rendered, defendant filed her petition in said county court, alleging that she had not been advised as to the terms of the decree concerning allowances for alimony and maintenance for herself and children, and praying for a modification of said decree in that respect. Plaintiff answered this petition, praying that the custody of the children might be awarded to him, and that he might be relieved from the payment of alimony to defendant. Defendant replied to this answer; and, the cause being tried upon these new issues, on September 30, 1887, a decree was rendered, providing, among other things, that defendant should have and recover of and from plaintiff the dwelling-house and premises for her use, $30 a month additional alimony, $500 on account of furniture and three months' unpaid alimony, and making all unpaid allowances a lien upon plaintiff's realty,

etc., and for costs. From this last decree plaintiff appeals to this court, alleging several grounds of error; but, by his argument, relying upon the alleged errors of the county court in awarding the custody of the children to the defendant, and in allowing her any alimony whatever.

Mr. H. E. LUTHE, appellant, *pro se.*

Mr. JOHN D. ELLIOTT and Mr. P. L. HUBBARD, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Of the four children of plaintiff and defendant, three were girls, two of them of very tender age. The plaintiff, after the separation, voluntarily left these children with defendant for about a year and a half before the commencement of this suit. He did not, by his replication, resist the prayer of defendant's cross-complaint for the custody of the children. On the first trial plaintiff testified as follows: "She [defendant] is a good nurse to the children. She is devoted to them when they are sick. A better person than she cannot be found to take care of them. I have only this fault to find: that she alienates the affections of the children from me, and makes me contemptible by the language she uses to them of me. I will say this: If it is intended to be asked if I will be satisfied for her to have the custody of the children, I will say, 'Yes,' with this exception: Until the *status* of defendant changes by marriage or something of that kind, if there should be a divorce, with the privilege of visiting them, and of having them visit me; not only for a short time, but one at a time or two at a time, for a period of three or four days, if I desire; then to be returned. I want the privilege of remaining by their side whenever they are sick." The original decree gave the custody of the children to the mother, and plaintiff took no excep-

tions thereto.   From these circumstances the conclusion is almost irresistible that defendant was a proper person to have the care and custody of her children.   On the second trial a large number of witnesses testified to the industrious habits of the mother, and to her proper management of her household and of her children.   The custody of these children being awarded to defendant, the use of all the estate of both plaintiff and defendant, joint and several, real and personal, was not too much to give to defendant for alimony and maintenance during their minority.   The family residence was the only productive property, as plaintiff himself alleged.   Indeed, there was little property other than this belonging to plaintiff, except his law library and office furniture.   An undivided half interest in the family residence belonged to defendant in her own right.   Giving her full possession of the whole, with all the furniture, and requiring defendant to pay taxes, insurance, and interest on the mortgage, and still his family was but scantily provided for.   When the divorce was granted, plaintiff was free — not incumbered with any family.   He was in the prime of life, and had a good profession, in which he had been quite successful.   Thereafter, in the race of life, without any capital but his library and his talents, his condition and circumstances were decidedly advantageous in comparison with those of defendant, intrusted with the care of four small children.   Without the aid of statute a court of equity will generally decree that the wife as well as the children shall be provided with the necessities of life out of the husband and father's estate, as far as possible, unless her misconduct has been very gross; and the fact that the divorce was granted for her fault certainly will not deprive her of all relief, where she is still deemed worthy to be intrusted with the custody of the children. 2 Bish. Mar. & Div. sec. 377 *et seq.*, and notes.   Fortunately, the construction given to the statute law of this state by the state of Illinois, from which it was borrowed,

is in harmony with this humane doctrine of equity. *Reavis v. Reavis*, 1 Scam. 242; *Deenis v. Deenis*, 79 Ill. 74.

As we have said before, the plaintiff was apparently satisfied with the original decree. At that time no objection or question was raised as to the propriety of the defendant continuing to have the household furniture as well as the rental of the house. The second or amended decree, after a full hearing, continued the mother as custodian of the children, and as to allowances for alimony and maintenance was somewhat more favorable to defendant than the original decree. The original decree was uncertain in its meaning, and unfortunately the amended decree is not altogether free from ambiguity. The evidence given on both trials being before us, we are at liberty to judge for ourselves as to what would be equitable in the matter of alimony and maintenance, having due regard for the interests and feelings of the parties plaintiff and defendant and the best interests of the children. Still we must bear in mind that the parties and their witnesses appeared twice before the court below, and that the judgment of the trial court is entitled to great consideration in reference to the custody of minor children and the amount to be allowed for alimony and maintenance. *Powell v. Powell*, 53 Ind. 513. As a rule we do not undertake to direct the entry of judgments in matters of form; but in this case, that there may be a speedy end of this litigation, we will direct the entry of a modified decree by the county court to the following effect: "It is now ordered, adjudged and decreed by the court that the defendant, Marion A. Luthe, shall, until further order of the court, retain the custody and control of the said children of the parties hereto during their minority, to support, care for and educate them to the best advantage the condition and circumstances of the plaintiff and defendant will allow. That for this purpose defendant shall have the possession of lot 25 and south

half of lot 26, block 150, Adae's addition to the city of
Denver, Arapahoe county and state of Colorado, and the
improvements thereon, to hold, occupy and enjoy the
same, together with the issues, rents and profits thereof,
without let, hinderance or interference in any manner
on the part of plaintiff. That plaintiff shall keep the
dwelling-house situate on said premises well insured at
his own expense in some fire insurance company of good
repute for financial responsibility. He shall pay the taxes
thereon, and shall keep the interest paid up on the in-
cumbrance of $3,800 on said premises. And, further,
plaintiff shall pay or cause to be paid to defendant within
sixty days from the entry of this modified decree the sum
of $260 on account of the furniture taken by him from
said defendant; and plaintiff shall also pay or cause to be
paid to the defendant, on or before the 15th day of De-
cember of each and every year, the sum of $50 for her-
self and the sum of $25 on account of each of said minor
children then remaining in her custody and control as
aforesaid. In case the plaintiff shall fail at any time to
pay to defendant any of the sums of money hereinbefore
specified, or any part thereof, when the same shall become
due and payable, the amount so remaining unpaid shall
constitute a lien in favor of defendant against plaintiff's
undivided half interest in said lot 25 and south half of
lot 26 aforesaid, and the same may be foreclosed by proper
civil action. Defendant may also at any time have exe-
cution, garnishment or other proper proceedings against
plaintiff for any such sum or sums of money, or any part
thereof, remaining due and unpaid according to the terms
of this decree. In case the plaintiff shall fail to keep said
dwelling-house insured as aforesaid, and any loss shall
thereby befall said estate, such loss shall be a lien against
his interest in said premises and in favor of the defend-
ant, and the amount of said lien may be established by a
proper civil action and foreclosed accordingly. If plaintiff
shall suffer said premises, or any part thereof, to be sold

for taxes or for default in payment of said incumbrance of $3,800, or any part thereof, or any interest thereon, the loss or sacrifice on account of such sale or sales shall, as between the parties hereto, be borne wholly by the said plaintiff; and the defendant may become the purchaser at such sale or sales, or may redeem or repurchase said premises, or any part thereof, from such sale or sales for the benefit of her individual or separate estate, the same as though she were not a tenant in common with plaintiff. The plaintiff may renew said incumbrance from time to time as may be necessary, but not for a greater sum than $3,800, nor at a rate of interest greater than ten per cent. per annum; and defendant shall join in the execution of any necessary securities therefor; and plaintiff shall not in any manner interfere with defendant's enjoyment of said premises, or any part thereof, for the purposes aforesaid until the further order of the court. If plaintiff shall faithfully perform the matters required of him by this decree while said defendant shall have the custody of said children as aforesaid, his undivided half interest in said premises shall not be deemed to be otherwise affected hereby, and the same shall be preserved for his ultimate use and enjoyment; provided, nevertheless, that if plaintiff shall elect so to do, he may convey to defendant by good and sufficient warranty deed, subject only to the incumbrance and liens hereinbefore mentioned, all his right, title and interest in and to the premises above described, so that defendant shall become the absolute owner of the whole thereof, subject only to said liens and incumbrance, with full authority to use, sell, convey, lease or incumber the same as she shall deem for the best interests of herself and said minor children; and upon the execution and delivery of the conveyance aforesaid within twenty days from the entering of this decree plaintiff shall be and stand relieved from each and every of the commands, directions and requirements hereinbefore expressed touching the payment of interest, insur-

ance, taxes and other allowances on account of alimony and maintenance for said defendant, remaining subject only to such obligations as may thereafter be devolved upon him in respect to his surviving children during their minority, in case of necessity or of a substantial change in the condition or circumstances of the parties hereto. This decree shall stand in lieu of all former decrees as to the custody of the children, use of realty, recovery of personalty and alimony and maintenance for defendant and said children. The former decrees of this court in reference to visits to and by the children, and the conduct of the parents in their intercourse with the children, shall be and remain in full force and effect, and shall be enforced by the court when either party shall upon proper notice to the other show that there has been a violation thereof. This decree may be further modified by the court upon due notice to the parties and opportunity to be heard, as the condition or circumstances of the parties may change or as the best interests of the children may require." Having determined that the foregoing is, under all the circumstances of the case, a proper provision to make considering the condition of the parties as disclosed by the record, the judgment of the county court is reversed and the cause remanded, with direction to that court to enter judgment in accordance with this opinion. The costs of this case in the county court, as well as in this court, will be taxed against the appellant. Judgment reversed.                                *Reversed.*

HELM, C. J., not sitting.

## ON PETITION FOR REHEARING.

1. PRACTICE IN SUPREME COURT — APPEAL.— An appeal must be prosecuted and determined on the record. It is in no sense a trial *de novo,* and additional averments or evidence cannot be considered, much less additional matters sought to be introduced, by *ex parte* affidavits.

2. REHEARING — APPLICATION FOR ALTERATION OF ALIMONY.— The statute of 1883, section 1098, makes provision for a reasonable and proper alteration in the amount of alimony allowed in a decree of divorce, and contemplates that when such a change occurs in the condition or circumstances of the parties as renders a modification of the decree in this respect proper, that the application therefor shall be made to the trial court. Such an application, necessarily based on new and additional matters, cannot be entertained in this court on a petition for a rehearing of an appeal, although the original decree was here modified on the hearing.

3. SAME — A DEED OF REAL ESTATE MAY BE ACCEPTED IN LIEU OF PECUNIARY ALLOWANCES.— A decree of divorce which has been modified by this court on the determination of an appeal in respect to the amount and payment of alimony may be still further modified on petition for rehearing as to provide for the acceptance of the husband's tender of a deed of real estate in lieu of all pecuniary allowances of alimony.

PER CURIAM. In the application for a rehearing appellant asserts that since the rendition of the decree in the county court there has been a change in the circumstances of the parties, notably, that two of the children, the second and fourth, have died; and that he has been to considerable expense in and about their last sickness, death and burial; also that appellee has been active in endeavoring to injure him in his business as a practitioner at law; and that his means and income are so small that he will not be able to comply with the modified decree directed by our former opinion. He also offers to convey to appellee unconditionally his half interest in the premises occupied by the family residence subject to the incumbrance, as a consideration for his being released from all future pecuniary obligations on her account. Most of these matters are improper to be considered in the appellate court. This appeal must be prosecuted and determined upon the record; and the judgment must be limited to an affirmance or reversal of the judgment appealed from, or to a modification thereof based upon matters contained in the record. The hearing on this appeal is in no sense a trial *de novo;* we cannot allow the introduc-

tion of additional averments or evidence; still less would we be justified in allowing additional matters to be introduced into the case by *ex parte* affidavits.   In directing a modification of the decree of the county court, we deducted three months' rent from the value of the furniture taken by appellant from appellee, we relieved appellant from about two years' alimony at the rate of $30 per month, and so reduced his immediate liability about $1,000, and his future liability at the rate of more than $200 per annum.   This was as far as we felt justified in interfering with the judgment of the trial court.   The decree as directed in our former opinion provided for its own modification in case of a change in the condition or circumstances of the parties.   Under the statute (Gen. St. sec. 1098), it is the duty of the trial court upon proper application, notice and proof, in behalf of either party, to "make such alterations in the allowance of alimony and maintenance as shall appear reasonable and proper." The matters attempted to be brought to the notice of this court on this rehearing might, upon the remanding of this cause, be addressed to the county court, and if established as matters of fact should receive prompt consideration.   Upon a re-examination of the original record, we see no occasion to grant a rehearing; but in view of plaintiff's offer to convey to defendant his half interest in said family residence property, we have added a *proviso* to the decree directed in our former opinion allowing him so to do, and he may thereby relieve himself from further pecuniary obligations to defendant.

The petition for a rehearing is denied.

*Hearing denied.*