### CONNER v. CONNER.

4-4169

Opinion delivered February 24, 1936.

A. M. Coates, for appellant.

K. T. Sutton, for appellee.

HUMPHREYS, J. Appellant obtained a decree of divorce from appellee on the ground of abandonment in the chancery court of Phillips County, and was awarded the custody and care of their three children. Alimony of $25 a month for twenty-four months and an attorney's fee of $50 were allowed to appellee, and the costs of the suit were adjudged against appellant. Appellant ap-

pealed from that part of the decree allowing alimony, attorney's fee, and costs against him.

Appellant contends that the decree making these allowances should be reversed because, in this particular case, the proof reflects that appellee deserted her home, husband and children without any cause whatever. According to the weight of the testimony, appellee willfully deserted and absented herself from appellant for over a year without reasonable cause, which is a ground for divorce in this State. Notwithstanding the fact that the wife may be the guilty spouse, the trial court, in the exercise of a sound discretion, if the facts and circumstances in the particular case warrant it, may allow her alimony, attorney's fee, and costs. This power is inherent in the court, although not provided by statute. This court said in the case of *Prior* v. *Prior,* 88 Ark. 302, 114 S. W. 700, that: ''Whether dependent upon enlarged powers conferred by the statute or not, we think it is settled that a court has the power to allow alimony to a wife against whom a decree for divorce is granted on account of her misconduct.''

Appellant and appellee were married on the 8th day of December, 1919, and lived together as man and wife harmoniously until the 15th day of January, 1934, and to the union three children were born, one son and two daughters. They had only $600 between them when they were married, but by industry and frugality on the part of both, they lived well, and, in addition, appellant acquired a comfortable home, a rent house, a small farm, an interest in a five and ten cent store, and some money, perhaps as much as $2,000. At the time the unfortunate separation occurred, the children had attained the ages, respectively, of ten, thirteen and fifteen, and had been and were attending school. When appellee abandoned appellant, she took none of the property except a few personal effects and repaired to the home of her mother, where she has since resided. During the years of her married life she was a kind, loving and devoted mother and a helpmeet to her husband. Appellant has ample means out of which to pay the small monthly allowance adjudged to her by the trial court. Having the power and

authority to make the allowance, it seems to us the court was not overly generous or extravagant in fixing the small monthly stipend necessary for appellee's maintenance and support, nor in the allowance of $50 to pay the attorney who represented her in the trial of the cause. She put her best years into the matrimonial venture, bore three children for appellant, and deserves some reward for the good she did, although to blame for the separation. We are not willing, under the particular facts of this case, to say the trial court abused his discretion in making the small allowances to her and adjudging all the costs of the proceedings against appellant. The record reflects that appellant has been willing at all times to overlook appellee's waywardness and has kept the door of the home open and sought her return. Who knows? If the lamp of love and longing continues to burn, she may see the error of her way, return to the once happy home, take up the broken strand of life and follow it to the end. In the meantime, this ill-guided woman should not be thrown on the charity of the world and permitted to suffer for food and raiment. It would be heartless, unjust and inequitable to deny her a meager support for a period of two years.

The decree is in all things affirmed.