GUIER *v.* GUIER.

4-5958 139 S. W. 2d 694

Opinion delivered May 6, 1940.

*Shouse & Shouse,* for appellant.

*Virgil D. Willis,* for appellee.

HOLT, J. Appellant sued appellee for divorce on June 6, 1939.

July 6, 1939, a day in the March, 1939, term, the court granted appellant a divorce on the ground of desertion and entered a decree accordingly.

August 5, 1939, during the same term the decree of divorce was rendered in favor of appellant, appellee filed motion to set aside the decree of divorce and on August 7 filed answer and cross-complaint to appellant's original complaint.

August 31, 1939, appellant filed answer to appellee's cross-complaint and thereafter on September 1, 1939, the last day of the regular March term of the court, the court entered an order denying appellee's motion and decreed "that the decree of divorce heretofore entered in this cause be not set aside, but that the same be in all things confirmed, except that the court doth modify the decree only in the particular that the court doth

retain jurisdiction of the cause for the purpose of hearing and determining the property rights between the parties, and for such further orders as may be proper to adjust the rights of the parties hereto.''

September 28, 1939, appellant filed demurrer to the cross-complaint of appellee and a substituted answer in which he alleged that appellee had no interest in his properties; that the court having adjudged she was the party at fault in their separation she had no dower rights in his property; that she was then and for more than ten years past had been working for the Harrison Water Company at a substantial salary; that for several years after their separation he had contributed large sums to her; that at the present he had no substantial property and practically no income, and that she had no interest in his small remaining properties.

December 4, 1939, after hearing the evidence of the parties, the court decreed ''that all right, title and interest of every nature of the defendant in any and all of the lands of the plaintiff, J. B. Guier, be divested out of her and vested in the plaintiff, and all her rights therein forever cut off and barred; that plaintiff pay as alimony to the defendant the sum of $20 per month on or before the first day of each and every month and for a period of twelve months beginning with January 1, 1940; that plaintiff pay all costs of this action.''

From that part of the decree awarding alimony comes this appeal.

Appellant contends that the court erred in awarding appellee alimony in the amount of $20 per month for a period of twelve months beginning January 1, 1940. We cannot agree to this contention.

Clearly the trial court had control over the cause and its decree during the term same was rendered. The learned chancellor, therefore, had the right on September 1, 1939, the last day of the March term of the court during which the decree of divorce was granted to appellant, to enter the decreee set out, *supra*, in which he refused to set aside the divorce decree, but modified the decree to the extent that jurisdiction of the cause

was retained for the purpose of hearing and determining the property rights between the parties "and for such further orders as may be proper to adjust the rights of the parties hereto."

Thereafter upon a final hearing, the court determined and settled the property rights between the parties and decreed that appellant pay as alimony to appellee $20 per month for a period of twelve months beginning with January 1, 1940.

The question of awarding alimony depends upon the facts and circumstances surrounding each particular case and is largely within the discretion of the court in awarding same and unless there appears to have been an abuse of this discretion this court will not disturb the award.

The fact (as in the instant case) that the decree of divorce was granted against the wife as the offending spouse, does not control the right to make the award. In *Pryor* v. *Pryor*, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102, this court said:

"A statute of this state provides that 'when a decree (for divorce) shall be entered, the court shall make such order touching the alimony of the wife and care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable.' Kirby's Digest, § 2681. (Now § 4390, Pope's Digest.) Similar statutes in other states have been construed to have enlarged the powers of courts in divorce cases so as to empower them to allow alimony in any case, even to a guilty wife. *Spitler* v. *Spitler*, 108 Ill. 120; *Luthe* v. *Luthe*, 12 Colo. 421, 21 Pac. 467.

"So, whether dependent upon enlarged powers conferred by the statute or not, we think it is settled that a court has the power to allow alimony to a wife against whom a decree of divorce is granted on account of her misconduct."

In *Boniface* v. *Boniface*, 179 Ark. 738, 17 S. W. 2d 897, this court said: "The chancery court has the unquestioned power to allow alimony to a wife against

whom a decree of divorce is granted, and to alter the allowance of alimony at any time upon a proper showing made, the amount allowed being governed by the circumstances of the particular case. Section 3510, C. & M. Digest; *Kurtz* v. *Kurtz*, 38 Ark. 119; *Pryor* v. *Pryor*, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102; *McConnell* v. *McConnell*, 98 Ark. 193, 136 S. W. 931, 33 L. R. A., N. S., 1094; *Johnson* v. *Johnson*, 165 Ark. 195, 263 S. W. 379; *Clyburn* v. *Clyburn*, 175 Ark. 330, 299 S. W. 38.''

And in the more recent case of *Conner* v. *Conner*, 192 Ark. 289, 91 S. W. 2d 260, this court said: ''According to the weight of the testimony, appellee willfully deserted and absented herself from appellant for over a year without reasonable cause, which is a ground for divorce in this state. Notwithstanding the fact that the wife may be the guilty spouse, the trial court, in the exercise of a sound discretion, if the facts and circumstances in the particular case warrant it, may allow her alimony, attorney's fee, and costs. This power is inherent in the court, although not provided by statute.''

We think it could serve no useful purpose to set out the testimony adduced by the parties bearing upon this award of alimony decreed by the learned chancellor in favor of appellee. Suffice it to say, that after a careful review of the record, it is our view that no abuse of discretion has been shown, and that the decree is not against the preponderance of the testimony. No error appearing, the decree is affirmed.