BRADSHAW *v.* ATKINS.

4-9104                                        227 S. W. 2d 441

Opinion delivered February 27, 1950.

Rehearing denied March 27, 1950

*Brockman & Brockman,* for appellant.

*J. T. Wimberly* and *W. B. Alexander,* for appellee.

HOLT, J.   Appellant and appellee were married in October, 1921, and separated in May, 1942.   March 19, 1946, appellant sued for a divorce alleging in her complaint that she and her husband had lived separate and apart, and without cohabitation, for more than three years prior thereto.   She further alleged that appellee "owns eighty acres of land near Star City, Lincoln County, Arkansas, and that the plaintiff has not released her dower rights thereto."   Her prayer was that "she have a decree of divorce and for her equities in any property owned by the defendant, and for other general and proper relief."

May 7, 1946, appellant was awarded an uncontested divorce on the ground alleged, and the decree contained this recital: "That the defendant owns eighty acres of land near Star City, Lincoln County, Arkansas, and that the plaintiff has not released dower and homestead rights thereto; that plaintiff's rights in and to said real estate should not be determined and declared at this time. * * * IT IS, FURTHER * * * DECREED BY THE COURT that the question of dower and homestead, and alimony in and to any real estate owned by the defendant at this time be, and the same is hereby, held in abeyance, and the court doth retain jurisdiction of this cause for the purpose of making such further orders concerning plaintiff's rights in and to said real estate as shown by evidence to be submitted by the parties hereto. (Signed) Harry T. Wooldridge, Chancellor, This 7th day of May, 1946."

Following the rendition of this decree, the following was added by appellant's attorney and signed by appellee: "I, James Bruce Atkins, hereby consent to the terms of this decree as disposition of real property owned by me. (Signed) James Bruce Atkins."

July 2, 1947, appellee filed his petition in the above divorce suit alleging that since the above decree, appellant had remarried and that his consent embodied in the above decree therefore became void because of said marriage and prayed "for an order vacating and setting aside the agreement of petitioner in said decree that plaintiff's homestead and dower rights in petitioner's lands be held in abeyance, and that plaintiff take nothing thereunder."

Appellant answered, admitting her remarriage, but denied all other allegations. There was also a demurrer by appellee, but no action appears to have been taken on either the petition or the demurrer.

In March, 1949, appellant filed motion in the original divorce suit to award her dower in accordance with the provisions of the above divorce decree. The trial court denied her any right to dower, the decree reciting: "That the clause in said decree to the effect that the

questions of dower and homestead and alimony in and to any real estate owned by the defendant be held in abeyance and the court retained jurisdiction of said cause for the purpose of making such further orders concerning plaintiff's rights in and to such real estate, as shown by evidence to be submitted by the parties thereto, was effective only so long as this court had the inherent right to control its orders during term time; that the term of court at which said decree was entered has long since lapsed and that said decree became final upon the lapse of said term and amounted to a full adjudication of the rights of the parties thereto; that the present motion to award dower is tantamount to a subsequent action for dower, which plaintiff is without right to maintain because of said former adjudication of the rights of the parties.''

A decree was accordingly entered.

This appeal followed.

We think there was error in the decree. The record shows that appellant, in her divorce action, alleged that appellee owned the 80 acres of land in which she had not released her dower rights, and prayed for a divorce and ''for her equities in any property owned by the defendant and for other general and proper relief.'' The divorce decree, as noted above, recited, in effect, that appellee owned 80 acres of land, that appellant had not released ''her dower rights thereto'' and then specifically reserved jurisdiction to determine the question of appellant's rights, if any, in appellee's property at a later date.

In these circumstances, the lapse of the term at which the divorce decree was granted, did not take away the court's power, or jurisdiction, to consider and determine appellant's dower or property rights, if any, at a later term, in accordance with the expressed provisions and reservation contained in the divorce decree above.

Our holding in the recent case of *Guier* v. *Guier*, 200 Ark. 552, 139 S. W. 2d 694, is controlling. In the Guier

case, the court entered its decree and order retaining jurisdiction to adjust any property rights, on the last day of the term, and at a subsequent term determined the question of property rights. We there said: "Clearly the trial court had control over the cause and its decree during the term same was rendered. The learned chancellor, therefore, had the right on September 1, 1939, the last day of the March term of the court during which the decree of divorce was granted to appellant, to enter the decree set out, *supra,* in which he refused to set aside the divorce decree, but modified the decree to the extent that jurisdiction of the cause was retained for the purpose of hearing and determining the property rights between the parties 'and for such further orders as may be proper to adjust the rights of the parties thereto.' Thereafter upon a final hearing, the court determined and settled the property rights between the parties."

Appellee contends that the decision of this court in *Taylor* v. *Taylor,* 153 Ark. 206, 240 S. W. 6, is against appellant's contention and controlling.

We cannot agree. That case is clearly distinguishable. There, there was no prayer in the complaint to adjust property or dower rights, and there was no reservation in the decree that such property rights be determined and adjusted at a later date.

Here, under the specific reservation in the divorce decree above, appellant sought an adjudication, of whatever interest she might have, in appellee's property under the provisions of § 34-1214, Ark. Stats. (1947). She, as indicated, was entitled to have this adjudication made.

Accordingly, the decree is reversed and the cause remanded for further proceedings consistent with this opinion.