COOK *v.* COOK.

5-2455                                     349 S. W. 2d 809

Opinion delivered October 9, 1961.

*J. G. Moore,* for appellant.

*Brazil & Brazil* and *Gordon & Gordon,* for appellee.

PAUL WARD, Associate Justice. On September 20, 1960 appellant, Hubert W. Cook, filed suit for divorce against appellee on the ground of desertion. Appellee answered and cross-complained, asking for a divorce on the grounds of indignities and threats upon her life. Such threats and indignities, she says, compelled her to leave appellant.

On December 29, 1960 the trial court granted appellant a divorce, but gave appellee a one-third interest for her life in certain lands owned by appellant.

First, appellant objects to the order allowing appellee her costs and attorney's fee. There is no merit in this objection because such allowances come within the sound discretion of the trial court. See: 17 Am. Jur., *Divorce and Separation* § 635; *Plant* v. *Plant,* 63 Ark. 128, 37 S. W. 308; *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700, and *Myers* v. *Myers,* 226 Ark. 632, 294 S. W. 2d 67. In the *Pryor* case the divorce was granted to the husband. We find nothing in the record here to justify us in holding the trial court abused its discretion in making the above mentioned allowances.

It is next contended by appellant that the trial court committed reversible error in awarding appellee a life estate in lands belonging to him. He admits in his brief that this award also lies within the sound discretion of the Chancellor, but insists it is an abuse of such discretion. Again, we are unable to agree with appellant. Appellant not only owns the lands impressed with the one-third life estate interest but also owns a one-half interest in another 120 acres. In addition he draws $74 per month social security, and apparently he has no one to support but himself. On the other hand we find that appellee takes in sewing from which she earns about $40 per month, that she draws $24.40 per month social security, and that she helps support her teenage son who attends school. The Chancellor may have believed from

the testimony that appellant was not entirely blameless for the marital failure. At least he saw the parties and observed their demeanor and was better able than we are to weigh the equities involved. Therefore we are unwilling to say the award of the life estate to appellee was excessive or unreasonable.

We find that there exists some doubt or confusion about whether chancery courts have the power and authority to grant the wife, as a part of her alimony, an interest in her husband's real property where he secures the divorce. Therefore we deem it expedient to examine the question to the end that such doubts or confusion as may exist shall be set at rest.

We are not aware of any decision of this court which clearly answers the posed question. However, our study of the statutes leads us to conclude, and we now hold, that chancery courts do have such power. Ark. Stats. § 34-1214 in effect provides: (a) when a divorce is granted to either party, each party shall be restored to the property he or she obtained from the other during marriage, etc., and, (b) when the wife obtains the divorce the court shall give her one-third of all personal property absolutely and also one-third of the husband's real-property (lands) for life. We mention the above to point out that said statute is silent as to what the court can give the wife if the divorce is granted to the husband. We do know, however, that the statute has not been interpreted to mean that the court cannot give the wife anything, because there are numerous decisions by this court approving an award of personal property to the wife where the husband secured the divorce. That being true we can think of no logical reason why the court should not likewise have power, where equities justify, to make an award of real property. The power in either event patently stems from the same source. It seems reasonable that the legislature so intended when it enacted Ark. Stats. § 34-1211 which grants the court power to give such alimony to the wife as the circumstances justify without specifying which party receives the divorce. In *Pryor* v. *Pryor, supra,* the court in com-

menting on the section last mentioned (Kirby's § 2681), said: "Similar statutes in other states have been construed to have enlarged the powers of courts in divorce cases so as to empower them to allow alimony in any case, even to a guilty wife." In the cited case a review of the facts leaves the impression that the court was referring to a settlement of real property as well as of money. In *Graham* v. *Graham,* 199 Ark. 165, 133 S. W. 2d 627, where a divorce was granted to the husband, the trial court, in allotting alimony to the wife, said: ". . . the home owned by Charlie G. Graham, or his equity in it, should be deeded to Mattie Graham."

Based on the above we are now announcing that, where the divorce is to the husband and the equities justify, the courts have power to award the wife an interest in her husband's real property. Such an award, of course, must be reasonable considering "the nature of the case" as provided in Ark. Stats. § 34-1211. The sound discretion of the court is always open for review on appeal.

Appellee asks for an additional attorney's fee occasioned by this appeal, and we have concluded that she is entitled to the same in the amount of $100.

Affirmed.