CORNELL RUDKIN WALKER *v.* GEORGE HARRIS WALKER

5-5168                                    450 S. W. 2d 1

Opinion delivered February 16, 1970

*Vincent E. Skillman, Jr.,* for appellant.

*Edward Rubens,* for appellee.

LYLE BROWN, Justice. Plaintiff below and appellant here, Mrs. Cornell R. Walker, instituted an action for separate maintenance against George Harris Walker. The husband answered with a prayer for absolute divorce and it was granted. The wife here alleges insufficiency of proof, failure to award alimony, and, alternatively, an incorrect division of property.

The parties were intermarried in 1965 and lived together for four years, excepting several periods of separation caused by matrimonial difficulties. The final separation, which climaxed several months of quarreling and fighting, occurred in March 1969. Each party gave evidence which would place the blame on the other. A recounting of the testimony of these spouses would serve no useful purpose and is really not nec-

essary to a determination of the issues on appeal. The allegation here argued with respect to sufficiency of proof is directed at the corroboration, which appellant contends is wholly insufficient. We will therefore evaluate the corroboration. With respect to the husband's testimony it is sufficient to say that the incidents of unwarranted indignities related by him, if true and if corroborated, were abundantly sufficient to warrant granting him a divorce.

The quantum of required corroboration in contested divorce cases has long been settled. It is plain to us that in this heatedly contested case there was no collusion. In that situation the corroboration may be comparatively slight and yet be sufficient. *Goodlett* v. *Goodlett,* 206 Ark. 1048, 178 S. W. 2d 666 (1944). The same citation is authority for the rule that the litigant does not have to be corroborated on each asserted act of indignity. Among the many acts of indignities related by the husband, he asserted that his wife wrongfully accused him of improper conduct with another woman; in that connection he was corroborated by Jo Ann Weaver. Appellee testified that appellant's telephone calls to his office were so frequent as to disrupt his business; Janice Hughes testified to the same general effect and specifically recounted tabulating the calls on two different days and they totalled fifteen and seventeen calls. Appellee's daughter by his first wife lived with this couple and she supported her father's testimony that the child had been abused by her stepmother. Appellee's testimony relative to both him and his daughter being called vile names by appellant was supported by other witnesses.

The trial court denied alimony and appellant takes exception to that ruling. We agree with the assertion that the trial court has the inherent power, acting in sound discretion, to award alimony to a wife even if her faults entitle the husband to a divorce. *Conner* v. *Conner,* 192 Ark. 289, 91 S. W. 2d 260 (1936). We must examine the particular facts and circumstances in the case to determine whether the chancellor abused his

discretion. The principal circumstance favoring alimony is the fact that the husband was not without some fault; on the other hand the chancellor found that appellant was guilty of such conduct as to provoke ill behavior by appellee. Appellant testified as to acts of severe cruelty, most of which were categorically denied. It is clear to us that the chancellor had to conclude that some of her charges were made out of whole cloth. This second marriage by both parties was of comparatively short duration; they were separated many times and on a single occasion as long as three months; no children were born to the union; both conceded that there was no possibility of reconciliation; she is an experienced bookkeeper and was earning $460 a month at the time of this marriage; she is far from being an elderly person and there is no substantial evidence that she will not be able to resume full-time employment; and appellee must, on a rather modest income, maintain a home for himself and his teenage daughter. We are unable to say that the chancellor abused his discretion in refusing alimony.

Finally appellant objects to the division of the property made by the chancellor. The home, held by the entirety, was ordered sold, and any net divided between the parties. The household furnishings were ordered handled in the same manner as the home; that was because the evidence showed appellant paid one-half of the cost of the furnishings. The wife also furnished eighty per cent of the trade-in value on a new car, plus a five hundred dollar cash payment, and the husband was ordered to refund her those amounts. Appellant had for some time owned a share of stock in appellee's business and she was permitted to retain title thereto. Appellee was also directed to pay appellant's attorney for his services. The statute, Ark. Stat. Ann. § 34-1214 (Repl. 1962), provides that when the husband is granted a divorce the parties shall be restored to all property then possessed by them which either obtained from the other during the marriage "and in consideration or by reason thereof." If it is the theory of appellant that the trial court did not adhere to

§ 34-1214, we are not afforded the citation of specific instances of nonconformance. We perceive appellant's contention to be that the court should have, under its inherent power, granted her, as a part of alimony, an interest in her husband's real property. *Cook* v. *Cook,* 233 Ark. 961, 349 S. W. 2nd 809 (1961). As in the case of a money award of alimony to the defaulting wife, such an allotment would be in the sound discretion of the chancellor. We repeat that we are unable to say the chancellor abused his discretion in refusing to award alimony in any form.

Affirmed.