DUDLEY ALLEN GULLETT *v.*
DOROTHY DIANE GULLETT

5-5658                                          473 S.W. 2d 180

Opinion delivered November 29, 1971

*Branscum, Schmidt & Mazzanti,* for appellant.

No brief for appellee.

LYLE BROWN, Justice. Appellee Dorothy Diane Gullett was awarded a divorce, custody of the one child born to the marriage, and $125 a month for support of the child. Appellant here argues insufficiency of corroboration to sustain the divorce, condonation of the acts complained of, excessiveness of the support award, and visitation rights which appellant classifies as unreasonable.

Appellee testified as to divers acts of indignities committed to her by appellant. Those consisted of cursing her, beating her, and excessive and habitual drinking which was obnoxious to her. Appellee's brother testified that he had seen appellant strike appellee and had on numerous occasions heard appellant curse appellee. Still another witness testified that the couple did not get along very well. Appellant offered no testimony in oppo-

sition, although he was present in person and by counsel. The corroborating testimony was weak but we have held that when a divorce action is not a collusive contest the required corroboration can be comparatively slight and yet be sufficient. *Breazeale* v. *Breazeale,* 248 Ark. 437, 451 S. W. 2d 865 (1970). We think the corroborating evidence in the case at bar meets the "comparatively slight" test.

The chancellor fixed child support at $125 per month. The testimony showed that appellant was grossing approximately $625 per month but was having to pay for travel and lodging away from home. In view of the recited expenses, along with federal and state deductions, we think the amount fixed by the court was somewhat excessive. Also, the mother testified that a minimum of $50 per month would be required for child support. We think $75 a month would be more within reason to cover the ordinary expenses for the child, who was five years old at the time of the trial.

The chancellor fixed appellant's visitation rights with the child at every other Saturday from 9:00 a.m. to 4:00 p.m. The undisputed testimony is that the child is devoted to her father. If appellant is a fit person to have the child in his care every other Saturday then we see no good reason why he should not have visitation rights every Saturday during the same hours fixed by the chancellor. The trial court directed that the little girl not be removed from the eighth chancery district and no reason is advanced urging us to change that rule. There is also no appeal from the attorney's fee awarded in the lower court.

The cause is remanded to the chancery court for the purpose of entering an order consistent with our findings and to reinvest jurisdiction for the modification of support money and visitation rights if future developments justify a change.

Affirmed in part, reversed in part.