## Louise S. FERGUSON v. Fred W. FERGUSON

5-5678                                               473 S.W. 2d 869

Opinion delivered December 13, 1971

*Paul F. Henson,* for appellant.

*Tom Tatum,* for appellee.

George Rose Smith, Justice. This is a divorce case in which the chancellor awarded the husband a divorce on the ground of personal indignities, settled the matter of child custody and support, and awarded the wife $2,000 as "temporary alimony." Both parties have appealed.

On direct appeal Mrs. Ferguson contends that the appellee failed to prove any ground for divorce and failed to adduce sufficient corroborating testimony. We do not find the decree to be erroneous in either particular. Ferguson testified that Mrs. Ferguson had refused on many occasions to have marital relations with him and that she had repeatedly and falsely accused him of

intimacy with other women. Mrs. Ferguson admitted that she had made such charges, stating on cross examination that she had accused him only of such affairs with other women as she knew about. She offered no convincing proof of the truth of her charges. Such accusations amount to personal indignities within the meaning of the statute. *Relaford* v. *Relaford,* 235 Ark. 325, 359 S. W. 2d 801 (1962). As to corroboration, a supporting witness testified that although Ferguson was kind and good to his wife, she resented him, did not have much to say to him, and would just turn away and ignore his suggestions. The witness characterized Mrs. Ferguson's conduct toward her husband as being "real hateful." There is evidently no collusion, for both parties are seeking a divorce. In the circumstances, the testimony satisfies the rule that only slight corroboration is required.

Although the chancellor, in orally announcing his decision, referred to the $2,000 award as temporary alimony, his remarks as a whole show clearly that he was in fact awarding Mrs. Ferguson an interest in her husband's property in lieu of alimony. On this point the chancellor stated his intention:

> Although the divorce is being awarded to Mr. Ferguson, the court still has discretion relative to the property and/or temporary or permanent alimony. I see no use, really, in taking this eighty acres and having it put up for sale and Mrs. Ferguson to receive a third for life due to its present value, reduced, that is, to its present value under our statutory table. Instead of going that route in awarding her some dower in part of the property, it's going to be the order of the court that Mr. Ferguson pay her temporary alimony, and this is not permanent, this is temporary alimony, in the sum of $2,000 to be paid within sixty days.

We perceive no error. In *Cook* v. *Cook,* 233 Ark. 961, 349 S. W. 2d 809 (1961), we recognized the existence of some doubt in our cases about whether a chancery court has the authority to grant the wife an interest in

her husband's real property, as part of her alimony, when he secures the divorce. We set the question at rest by holding explicitly that such an award may be made when the equities call for it.

We find no inequity in the present award. Ferguson was not completely without blame in the failure of the marriage. He was shown to have had an interest in two pieces of real property, one of which had cost $4,750. Mrs. Ferguson, aged 45, was formerly self-supporting, but as a result of having been injured in a traffic accident she was at least temporarily unable to make a living and was dependent upon her brother for support. Upon the proof as a whole we discern no injustice in the chancellor's disposition of the matter.

Affirmed.