Eugene Leroy JOHNSON *v.* Louise Marie JOHNSON

79-14                                    582 S.W. 2d 32

Opinion delivered June 11, 1979
(Division II)
[Rehearing denied July 9, 1979.]

*Jeff Duty,* for appellant.

*John E. Jennings,* for appellee.

JOHN A. FOGLEMAN, Justice. This divorce suit, filed on July 30, 1976, resulted in a decree entered August 31, 1978, terminating a marriage that had existed since August, 1974. Both parties had been previously married, at least once. They had lived together in appellant's home in apparent harmony for five weeks prior to the marriage, but discord seems to have commenced shortly after the marriage. Appellant was 58 years old and appellee, 46, at the time of the trial. The suit was brought by Eugene Leroy Johnson, the husband, appellant here, upon allegations of indignities toward him which rendered married life between the parties intolerable and impossible. Appellee countered with a general denial and a counterclaim for divorce, alleging a course of conduct constituting indignities consisting of rude and abusive treatment. She alleged that she was unemployed and without means of support, and sought a division of property, along with temporary allowances. The chancery court granted a divorce to appellant, denied appellee's counterclaim and awarded appellee one-third of appellant's personal property, which the court found to have a total value of $900, and one-third of appellant's real estate for her life. Appellant contends that the court erred in awarding the wife the interest in the

husband's property permitted by Ark. Stat. Ann. § 34-1214 (Repl. 1962) where a divorce is granted to the wife.

It has long been recognized that alimony may be awarded to a guilty wife. *Pryor v. Pryor*, 88 Ark. 302, 114 S.W. 700; *Walker v. Walker*, 248 Ark. 93, 450 S.W. 2d 1. It was clearly established that the chancery courts have the power to award a part of the husband's real estate as alimony when divorce was granted to the husband by our decision in *Cook v. Cook*, 233 Ark. 961, 349 S.W. 2d 809. In *Cook*, we said that the award must be reasonable concerning the "nature of the case" as provided in Ark. Stat. Ann. § 34-1211 (Repl. 1962) governing alimony generally. That statute also requires consideration of the circumstances of the parties. We said in *Cook* that the amount of the award lay in the sound discretion of the trial court. Or, as put in *Ferguson v. Ferguson*, 251 Ark. 585, 473 S.W. 2d 869, such an award may be made when the equities call for it. It is clear from these cases that this court will reverse only for abuse of the trial court's discretion. See also, *Walker v. Walker*, supra.

The question then is whether the chancellor abused his discretion in the matter. As in *Cook*, the husband was not totally blameless. The chancellor, in approaching the question, indicated that he considered the wife to be the greater offender. The chancellor pointed out that appellant had been evasive about his wife's charges that he had been engaging in both selling and excessive drinking of alcoholic liquor at their home. The chancellor said that appellant was not to be complimented on his conduct and that the temper tantrums he had suffered at the hands of appellee may have been provoked by him. He felt that the equities justified the award.

It seems that during the pendency of the divorce suit, the court had directed appellant to provide Mrs. Johnson with a suitable place to live, but it seems that he did not do so. He was recalcitrant about payment of temporary alimony and seems to have paid it only when forced to do so on judgments for arrearages. At the time of the trial, more than a year had elapsed since he had made any payments at all. Mrs. Johnson testified that appellant had struck, kicked and beaten her. The only corroboration of physical violence inflicted on her

was the testimony of her mother, who said that her daughter had bruises on her legs on two occasions and that once the daughter had a black eye. She admitted that she did not know the cause of either the bruises or the black eye.

As in *Cook,* the chancellor saw and heard these people on more than one occasion and was in a superior position to assess blame and to judge the equities. The mere fact that he awarded appellee personal property worth $300 and a one-third life interest in six tracts of real estate from which appellant had rental income of $465 per month is not indicative of an abuse of the trial court's discretion.

Of course, it is clear that this decree is not affected by Act 705 of 1979 on the subject of alimony and distribution of property in divorce cases and the previous decisions of this court on alimony, such as that involved here, may have little bearing on the subject in cases affected by that act.

The decree is affirmed.

We agree. HARRIS, C.J., and HOLT and PURTLE, JJ.

BYRD, J., dissents.