JOHNSON *v.* BATES.

Opinion delivered April 8, 1907.

1. ALIMONY—ALLOWANCE DURING LIFE OF WIFE.—It is error to allow a wife as maintenance the use of the husband's land for her natural life, instead of for the natural lives of both husband and wife. (Page 285.)

2. SAME—RIGHT OF ADMINISTRATOR TO APPEAL.—Where a husband died pending an appeal from a judgment allowing to his wife a part of his land as alimony during her life, the administrator was entitled to prosecute the appeal, as the judgment might interfere with the administration of the estate. (Page 285.)

3. SAME—ABATEMENT OF ACTION ON HUSBAND'S DEATH.—An action by a wife for separate maintenance abates on the husband's death. (Page 285.)

Appeal from Craighead Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*T. H. Caraway* and *Lamb & Gautney,* for appellant.

1.   It was error to award alimony in gross out of the real estate of the appellant by awarding to appellee a life estate in one-half of the real estate and sufficient woodlands to maintain the farm.   24 Ark. 533; 38 Ark. 324; *Id.* 477; 37 Wis. 217.

2.   As to the woodlands, the allowance was void for uncertainty.

*Hawthorne & Hawthorne,* for appellee.

Appellant having died, the cause should be abated, and the estate should be distributed according to the respective rights of the widow and heirs.

RIDDICK, J.   This is an action brought by Mrs. Bates against her husband, A. J. Bates, in which she alleges that defendant has grown neglectful of his family and home, that he remains away most of his time, preferring the society of other women to that of plaintiff, and that he is now selling and disposing of his property with a view to permanently deserting his home and family, and she asks that the court make provision out of his estate for the maintenance of herself and family, but she does not ask for a divorce.

The court made a decree in which, among other things, he allotted and assigned to the plaintiff one-half of the improved land owned by defendant for and during the natural life of plaintiff and so much of his woodlands as were necessary to maintain the farm.   The defendant appealed from the decree, but he has since died, and the appeal is prosecuted by the administrator of his estate.

As the defendant is now dead, the estate left by him now passes under the law to the plaintiff, his widow, and the surviving children of herself and the defendant.   It is unnecessary now to discuss the question as to whether in an action for maintenance alone the chancellor could allow as maintenance or alimony one-half of the cleared land owned by the defendant, for, even if he could do so, such a provision could not extend beyond the life of the husband.   As she was not divorced and remained the wife of defendant at his death, the law makes provision for her by allowing her dower in his estate.

The court in our opinion erred in alloting to the plaintiff as maintenance the use of certain land owned by defendant for and during the natural life of plaintiff.   The administrator was justified in prosecuting the appeal from this judgment for the reason that it might have interfered with the due administration of the estate, but after a reversal the action will abate, and the property will descend and be distributed as required by law.   2 Nelson on Divorce, § 729a.

Judgment reversed and remanded with an order that the action abate and be dismissed.