### McClintock v. Lankford.

### Opinion delivered October 4, 1920.

1. JUDGMENT—VACATION DECREE.—Under Acts 1913, p. 318, § 1, authorizing a chancellor to deliver opinions and to sign decrees in vacation in causes taken under advisement by him at a term of court, a chancellor is not authorized to render a decree in vacation in a case in which defendant was given 20 days within which to prepare and file his testimony, but which was never taken under advisement during the term.

2. EQUITY—VACATION OF DECREE—MERITORIOUS DEFENSE.—In an action against receivers for attorney's fees, where a decree was taken in defendant's absence, allowing plaintiff a fee of $1,000, the fact that the attorney had presented a statement claiming a much smaller sum constituted a meritorious defense.

3. APPEAL AND ERROR—PRESUMPTION AS TO DECREE.—The general rule that a decree must be presumed to be correct where the transcript does not contain all the evidence before the court has no application where the decree specifically recites the testimony upon which the case was heard.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; reversed.

STATEMENT OF FACTS.

On November 3, 1919, J. M. McClintock and F. A. Hipolite brought this suit in equity against Eugene Lankford to set aside a decree of the chancery court purporting to have been rendered on the 27th day of June, 1918, during the vacation of the court.

The chancery decree which is the basis of this lawsuit is as follows: "This cause coming on to be heard on the 20th day of May; being an adjourned day of the regular April term, 1918, of the chancery court for Southern District of Prairie County, Arkansas, upon the petition of Eugene Lankford filed at the November term, 1917, comes Eugene Lankford and presents his petition and proof of his claim and prays for an order of court or decree allowing same; and comes J. M. McClintock for himself and as attorney for F. A. Hipolite, and asks that they be given twenty days in which to file response to the said petition, and to take proof thereon, and agreed that they would file said response at once and take their testimony within twenty days and agreed that this petition should be passed upon by the chancellor or court and decree rendered in vacation. And more than thirty days having elapsed, and no response to said petition having been filed, and no testimony offered by said J. M. McClintock, R. H. Sanders and F. A. Hipolite, the cause is submitted to the court upon the petition of Eugene Lankford, written and oral testimony, and the records of the court, whereupon the court finds that the petitioner is entitled to the sum of one thousand dollars, as a fee, in this case, as attorney for the receivers of the Bluff City Bank. The court also finds that said R. H. Sanders, J. M. McClintock and F. A. Hipolite have taken over all the assets of the bank at the time of their appointment as receivers herein, and the costs of the receivership. The court also finds that said R. H. Sanders has settled with petitioner for his third of said fee. Wherefore, it is ordered and decreed that the petitioner, Eugene Lankford, have and recover of and from J. M. McClintock and F. A. Hipolite the sum of $666.66, and his costs herein, for which execution may issue. This 27th day of June, 1918."

J. M. McClintock and F. A. Hipolite were directors of the Bluff City Bank at DeValls Bluff, Arkansas, and when it became insolvent they were appointed receivers and the firm of J. G. & C. B. Thweatt was appointed as attorneys for the receivers. These attorneys were al-

lowed a fee of something over $1,250. Subsequently, Judge Eugene Lankford was appointed attorney for the receivers, and at the November term of the chancery court presented his petition to the court in the insolvency proceedings for an allowance of attorney's fees in the sum of $1,250. He presented his petition to the court for action at an adjourned day of its April, 1918, term.

J. M. McClintock was present in court and protested against the allowance of the fee to Judge Lankford. According to the testimony of McClintock, the receivers had no notice of any petition having been filed by Judge Lankford asking for an attorney's fee, and he asked for time within which to prepare his defense to it. Judge Thweatt was a material witness for him and at the time was down on the levee, which had broken, looking after his interests. He did not get to see Judge Thweatt for about a month thereafter. Judge Thweatt told McClintock that he was going away, but would write out a statement of his testimony for him. McClintock then wrote Judge Lankford a letter, enclosing Judge Thweatt's statement, and asked him if he was willing to take Judge Thweatt's statement as his testimony. McClintock received no reply to this letter and never heard any more about the matter until subsequently he examined the record and found the decree, which is copied above, purporting to have been rendered on the 27th day of June, 1918. There was no trial of the case on the 20th day of May, 1918, at the adjourned term of the court. McClintock, at that time, took all the papers in the case and had them in his possession in his office until after the rendition of the decree which is sought to be set aside. Judge Frauenthal had made a statement to Judge Lankford, at his request, of the amount of fee which he thought should be allowed him, and at the adjourned term of the court McClintock had agreed that this statement might be read in evidence on the trial of the case. John L. Ingram had made a similar statement and Mr. McClintock agreed that this statement might also be used as evidence in the case. McClintock took possession of these statements at the

time and had them in his possession with the other papers in the case from that time until after the 27th day of June, 1918. Lankford presented a written agreement to McClintock in which he only claimed attorney's fees due him in the sum of $356.20. Mr. McClintock said that the receivers preferred not to allow this amount, but wanted the court to pass on it before they paid him.

Judge Lankford was a witness for himself. According to his testimony, he told the receivers that his fee would be $1,500; that Judge Thweatt had charged that amount for his services and that he thought that he should receive a like amount. He informed McClintock that he was going to present his petition for an allowance of an attorney's fee at the November term, 1917, of the chancery court and did present it at that time, but it was passed over until the next April term. Judge Lankford called the matter up at an adjourned day of the April term. In the meantime his petition had been lost or mislaid, and Judge Lankford was allowed to file a substituted copy. McClintock asked time to look into the matter, stating that he had not had a copy of the petition and had not examined it.

The court allowed him twenty days within which to take his testimony. It was agreed that McClintock should take his testimony in that time and that the decree might be entered in vacation. Judge Lankford waited for more than thirty days and then presented the matter to the chancellor. McClintock was not present, but the court said that, inasmuch as he had not taken his testimony, he would take the matter up in McClintock's absence. The judge of the chancery court had already examined the papers in the case which had been filed by Judge Lankford at the adjourned term in May, 1918, and did not re-examine them when he heard the matter on the 27th day of June, 1918. Judge Lankford prepared the decree which was signed by the chancellor in vacation on the 27th day of June, 1918, and then entered of record, also in vacation.

Mr. McClintock denied that the case was heard by the court at the adjourned term in May, 1918, and denied that he made an agreement that the case should be heard and a decree entered of record in vacation. He said that no notice whatever was given him that the matter would be presented to the chancellor on the 27th day of June, 1918.

The chancellor found the issues in favor of the defendant and refused to set aside the decree rendered on the 27th day of June, 1918. The case is here on appeal.

*W. H. Gregory* and *Trimble & Trimble,* for appellants.

The court erred in finding the issues for defendant and in refusing to set aside the decree rendered June 27, 1918. The decree was rendered in vacation and was a nullity. Act No. 82, Acts 1913, § 1, p. 319. The proceeding was *coram non judice* and void. Kirby's Digest, § 4424. The court erred in dismissing the complaint. A void judgment is no judgment.

*John L. Ingram,* for appellee.

Appellants were directors of the bank before it failed and responsible for all its debts, and it was agreed to pay its debts. Appellants did not object at the trial that they were not responsible for the attorney's fees, and they agreed that the court hear the case and render the decree in vacation. The case was heard in open court, and all the evidence introduced. If the court made any errors appellant's remedy was by appeal, and no errors in that decree can be corrected in this case. 86 Ark. 504. The chancery court is vested with large powers and discretion in receiverships in fixing attorenys' fees, costs, etc. 23 R. C. L., pp. 106-9. The court may take into consideration its own personal knowledge of the services rendered by attorneys and the value of same. 4 Pom. Eq. Jur. 1661; 215 S. W. 435. Even where receivers are not personally liable, when the property in the hands of the receiver is not sufficient to pay the costs and expenses the court may *prorate* the costs, etc., among

those parties interested. 126 Ala. 194; 71 Ark. 272; 23 R. C. L. 117. The chancery court in two solemn judgments has decreed that this fee is just and should be paid to appellee by appellants. The court was familiar with all the facts and records, and having signed and forwarded the first decree to the clerk for record, the court was a competent judge as to whether there was any fraud in procuring the first decree. This is simply an appeal for delay, and the services were performed and the decree should be affirmed.

HART, J. (after stating the facts). This court has held that in the absence of statutory provisions providing for the rendition of decrees in vacation that a decree in chancery rendered in vacation, although entered on the judgment record, is a nullity. The court has held further that parol evidence is admissible to show that a decree which appears regular on its face was actually rendered in vacation and is consequently a nullity. *Jackson* v. *Becktold Ptg. & Book Mfg. Co.,* 86 Ark. 591, and cases cited.

In this State we have a statute relating to the practice of taking cases under advisement and rendering decrees in vacation. Acts of 1913, page 318. Section 1 of the act reads as follows: ''That a chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of the court, and, by consent of parties, or of their solicitors of record, he may try causes and deliver opinions, and make and sign decrees therein in vacation. Such decrees, and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the records of the court in which the cause or matter is pending; and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases.''

It will be observed that the first part of the section provides that a chancellor may deliver opinions and make and sign decrees in vacation in causes taken under ad-

visement by him at a term of the court. The present case does not come within that class. The court can not take a case under advisement until it has heard the case in term time. Mr. McClintock denies that the case was heard by the court at all at the adjourned term in May, 1918. Judge Lankford does not claim that it was heard and taken under advisement. He only states that he presented his side of the case to the court and admits that the court gave Mr. McClintock twenty days within which to prepare and file his testimony. Hence the case was not taken under advisement at a term of the court within the meaning of the statute.

The statute further provides that, by the consent of the parties or their attorneys of record, the chancellor may try causes and deliver opinions, and make and sign decrees therein in vacation. Mr. McClintock denied positively that there was any agreement to try the cause in vacation. Judge Lankford states that such an agreement was made. He stated that the court gave McClintock twenty days within which to prepare and file his testimony. Judge Lankford then waited for more than thirty days before he took the matter up with the court. No notice was given McClintock that the matter would be taken up on the 27th day of June, 1918. McClintock was not present when the case was taken up on that day. He had all the papers in the case in his office. The fact that the court gave McClintock twenty days within which to prepare and file his testimony did not constitute an agreement on the part of McClintock that the case might be taken up on any day thereafter in his absence. He at least should have been given notice so that he might have been present and presented his side of the case. This was not done, and we do not think that even under the testimony of Judge Lankford the chancellor tried the cause and signed a decree therein in vacation by consent of the parties within the meaning of the statute.

The undisputed evidence shows that the decree was rendered in vacation, and it was therefore a nullity.

Again, it is contended that the decree should not be set aside because no meritorious defense to the action has been presented. We can not agree with counsel in this contention. Even if it was necessary to show a meritorious defense, McClintock testified that Lankford presented to him a statement in which he only claimed something over $300 as the balance due him for an attorney's fee. He was allowed over twice this amount. According to the testimony of McClintock, he was not entitled to even the $300 claimed by him. McClintock's testimony constituted a *prima facie* proof of the truth of his defense. His defense, if true, was a meritorious one. *Holman* v. *Lowrance*, 102 Ark. 252, and cases cited.

Finally, it is insisted that the record in the case at bar does not contain all the evidence introduced in the court below, and that the decree of the chancery court must be affirmed under the general rule that it is presumed to be correct, because the chancery court had before it evidence which the transcript does not contain, and on that account this court can not know whether or not the chancellor erred in refusing to set aside the decree entered of record on the 27th day of June, 1918. This general rule has no application in the case at bar. The decree in the court below specifically recites the testimony upon which the case was heard. All the papers that are left out of the transcript are the written statements of Judge Frauenthal and John L. Ingram as to the amount of attorney's fee that should be allowed Judge Lankford. The decree specifically recites that their testimony only goes to this point. Therefore the omitted testimony could have no bearing whatever on the issue presented and decided by this court. The transcript contains all the evidence heard by the court below necessary for a determination of the issue presented by the appeal. *Turpin* v. *Beach*, 88 Ark. 604.

It follows that the decree of the chancellor should be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.