TERRELL, Justice.
This appeal is from a final decree granting a divorce-and other relief to. the complainant wife. In addition to the divorce the final decree required the wife to quitclaim her interest in the family home to defendant and required defendant to pay plaintiff $5,00 restitution for monies advanced by her to the husband; to pay special master’s fee of $175; the court reporter’s fee of $128; alimony-to the wife of $20 per week, and an attorney’s fee for the wife in the sum of $1,000. This appeal does not challenge that part of the final decree granting the divorce.
Both parties had been repeatedly married and had children by former marriages. The plaintiff was receiving alimony of $20 per week as result of a final decree concluding a previous marital venture which was terminated on her marriage to defendant. We have examined the record carefully and we find no criticism as to any of the amounts awarded by the final decree except the attorney’s fee for plaintiff’s counsel.
Attorney’s fee when contested is always a delicate question to deal with. It would be trite to say that.counsel are always entitled to reasonable compensation for the *880 service performed. In this case it is shown that defendant was a carpenter and had ah earning capacity of $3 per hour or more than $100 per week. The testimony shows that he had a very small bank account and was forced to borrow $1,000 from his employer to pay hospital bills, mortgage payments, doctors’ bills and support. for himself and a son during an extended illness. It is also shown that the wife’s assets were on the slim side, that she is unable to pay her attorney and that she is employed but the nature of her employment is not shown. The master made no recommendation as the size of fee that should be awarded and the chancellor appears' to have taken no additional testimony to support his award.
We are convinced that the necessities of the wife entitle her to compensation for her attorney but from the showing before us, the high points of which we have recited, we do not see basis for the amount awarded. Section 65.08, Florida Statutes, F.S.A., defines the pattern by which such fees should be measured which is “from the circumstances of the parties and nature'of the case may be fit, equitable and just”. The labor performed, time consumed and the responsibility undertaken are of course factors that may be taken into consideration but after all, what is “fit, equitable' and just” in view of the “circumstances of the parties” may in most cases be the primary lead to a proper fee in cases like this.'
These factors may force a fee that even though reasonable in view of the “circumstances of the parties” may not, in some cases, be adequate for the services performed. Litigants may freely contract for fees but .when fixed by the court different considerations- govern. At any rate, every record in a case like this should contain evidence and recitals which support the fee awarded so that when challenged there will be basis on which this court can intelligently weigh the judgment of the trial court.
Because of lack of these elements, the judgment appealed from is reversed with directions to reconsider the award of attorney’s fees for plaintiff’s attorney and grant such a fee as may be “equitable and just.” In all other respects the judgment appealed from is affirmed.
Affirmed in part, reversed in part.
DREW, C. J., ROBERTS, J., and ALLEN, Associate Justice, concur.