91 So.2d 179 (1956)
John W. WEATHERFORD, Appellant,
v.
Gladys J. WEATHERFORD, Appellee.
Supreme Court of Florida. Special Division A.
December 12, 1956.
W. Wallace Shafer of Bentley, Shafer & Miller, Lakeland, for appellant.
Carver & Langston, Lakeland, for appellee.
PEARSON, Associate Justice.
Appellee has filed motion to dismiss the pending appeal on the ground that appellant has waived and abandoned his right to attack the final decree entered in this cause.
Appellee filed complaint for divorce charging appellant with extreme cruelty, prayed for dissolution of the marriage, alimony and counsel fees. Appellant answered, denied charge of extreme cruelty, and counterclaimed for divorce from appellee on ground of desertion. After much testimony, the chancellor entered a final decree awarding a divorce to appellee, giving her possession of the home, awarding her attorneys' fees in the total amount of $3,000, and directed the appellant to pay her $225 per month alimony.
*180 Appellant filed notice of appeal May 21, 1955. His first assignment of error was that the evidence was insufficient to support the decree. His sixth assignment charged error in denying his cross complaint for divorce on the ground of desertion. His other assignments attacked those portions of the decree awarding appellee alimony, attorneys' fees and property rights.
Appellee cross assigned error as to the sufficiency of the property settlement, alimony and attorneys' fees.
On August 26, 1956, pending this appeal, appellant remarried. Appellee filed motion to dismiss the appeal and appellant filed with this court a formal abandonment of his first and sixth assignments of error and his point on appeal attacking the validity of the decree in so far as it dissolved the bonds of matrimony between himself and appellee, and seeks to have the appeal proceed in due course only as to those portions of the decree dealing with alimony, attorneys' fees and property rights.
The determining question is whether the appellant by remarrying pending the appeal has waived his right to appeal those portions of the final decree touching upon alimony, attorneys' fees, and determination of property rights between the parties. We think he has not.
In the case of McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567, 568, this court stated the general rule as follows:
"It is a well-settled doctrine that, where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on writ of error or appeal. His conduct amounts to a release of errors * * * and estops the successful party from appealing."
We adhere to the general rule which applies to such judgments or decrees which must necessarily stand or fall as a whole upon review by this court.
In divorce cases, appeals may be limited to questions of alimony, attorneys' fees, etc. Rubinow v. Rubinow, Fla. 1949, 40 So.2d 561; Pross v. Pross, Fla. 1954, 72 So.2d 671; Hryckowian v. Hryckowian, Fla. 1955, 82 So.2d 879.
The appellee by her cross assignments of error shows dissatisfaction only with the financial and property portions of the decree. Appellant by abandoning two assignments of error and a point on appeal wishes to limit the appeal to the same matters. Obviously the appellee will not be prejudiced by so limiting the matters to be reviewed. She sought the divorce, it was granted, and she does not complain as to that.
We have so often held that assignments of error not argued will be considered abandoned that no citation of authority is needed. A formal abandonment filed by an appellant is even more effective than an abandonment by omission, where the rights of the other party are not prejudiced.
The motion to dismiss the appeal is accordingly denied, and the question of the validity of the decree in so far as it dissolved the marriage between the parties, is hereby eliminated from consideration by this court. All other points properly raised will be considered in due course.
It is so ordered.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.