109 So.2d 521

Kate C. POPE

v.

Harvey O. POPE.

8 Div. 864.

Supreme Court of Alabama.

Oct. 16, 1958.

Rehearing Granted Feb. 12, 1959.

Marion F. Lusk, Guntersville, for appellant.

**514**

Scruggs & Scruggs, Guntersville, for appellee.

COLEMAN, Justice.

On application for rehearing we have concluded that the original opinion should be withdrawn and the present opinion substituted in lieu thereof.

The wife filed her bill for divorce on the ground of cruelty, and prayed for permanent alimony and solicitor's fees. The husband made his answer a cross bill and prayed for divorce, also on the ground of cruelty.

The cause was submitted on the pleadings and on testimony taken on oral examination of witnesses before the register. The trial court awarded a divorce to the wife on the ground of cruelty and allowed her a solicitor's fee of $200 which has been paid, but decreed that "Complainant is not entitled to any alimony or support from Respondent under all the circumstances, * * *."

The wife has appealed and assigns as error the action of the court below in denying her an allowance out of the estate of the husband and in not awarding a greater sum for solicitor's fee. The wife has filed a petition in this court asking for the allowance of an attorney's fee on this appeal.

The trial court did not hear the evidence ore tenus and we must review this proceeding without any presumption in favor of the trial court's findings. Ala. Digest, Appeal and Error, ☞931(1)e; Divorce, ☞184(4).

The record shows cruelty on the part of the husband sufficient to sustain the action of the trial court in awarding a divorce to the wife. The record also discloses conduct on the part of the wife towards her husband and his four daughters by a former marriage calculated to vex and harass the husband.

This court has said:

"Under § 32, Title 34, Code of 1940 an award of alimony as an incident to the granting of a divorce is not mandatory. In the language of the statute 'the judge trying the case, shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify'. We have said that the statute leaves much to the discretion of the trial court but this discretion is judicial and not arbitrary and is subject to review on appeal. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Savage v. Savage, 246 Ala. 389, 20 So.2d 784; Sills v. Sills, 246 Ala. 165, 19 So.2d 521." Rich v. Rich, 256 Ala. 339, 340, 54 So.2d 554.

We understand certain facts in this case to be as follows:

Both parties had been married before. The wife was 46 and the husband 52 years old in 1946 when they were married to each other. The husband at that time owned two farms worth probably $15,000, according to his evidence. The wife's evidence tended to show that the farms had a value exceeding $38,000. The evidence as to the husband's annual income is not clear but supports an inference that he was a reasonably successful farmer. After 8 years, they parted in 1954 without any child born of their union.

The evidence tends to show that by marrying respondent, the wife gave up a

pension of $50 per month which she had been receiving as the widow of a veteran of World War I. It does not appear that she had at the time of divorce any income or property except furniture and household furnishings, which had been delivered to her prior to the entry of the final decree in this cause.

Three of the husband's four daughters were living in his home at the time of the marriage. One of the three left home six months after the marriage of appellant and appellee, and another left four years thereafter when she was nineteen. The youngest daughter, aged six years at the time of the marriage, continued to reside with her father at the time of the trial.

Although there is evidence to the contrary, the entire record supports an inference that appellant was not industrious and that her disposition and conduct as wife and foster mother did not promote the peace and harmony of the household, but rather had an opposite effect. It does not appear that she had contributed to the accumulation of the husband's estate and the record supports the conclusion that she bears a large measure of responsibility for the failure of this marriage. A detailed recital of the evidence would serve no good purpose. We have carefully considered all the evidence.

On original deliverance, we concluded that under § 32, Title 34, Code of 1940, the decree of the trial judge denying alimony would be reversed only for abuse of discretion. On rehearing after further extended consideration, we are of opinion that under former decisions of this court we are bound to review the evidence without any presumption in favor of the trial judge's conclusion where all the evidence was taken by deposition and the trial judge did not see or hear any witness testify. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Green v. Green, 249 Ala. 150, 30 So. 2d 905; Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185; Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917; Arthur v. Arthur, 262 Ala. 126, 77 So.2d 477; Barnett v. Barnett, 266 Ala. 489, 97 So.2d 809.

The decree appealed from held "that the Complainant is entitled to the relief prayed for in said Bill" of complaint, and decreed that the wife "is forever divorced from the said Harvey O. Pope for and on account of *cruelty*." Such a decree can only be considered as a decree in favor of the wife for the misconduct of the husband. The record contains evidence to support it and neither party complains of this part of the decree below. Its correctness in this respect is not before us for review.

■ Section 32, Title · 34, Code 1940, gives to the judge trying the case a discretion in deciding to award or deny alimony and in determining the amount, if any is to be allowed, but that discretion is judicial, not arbitrary, and is subject to review on appeal. Sharp v. Sharp, 230 Ala. 539, 161 So. 709; Ala. Digest, Divorce, ☞235.

■ As noted above, the evidence does not leave the wife blameless. The misconduct of the wife, even though not grounds for divorce, may be considered as in a measure palliating the offense of the husband and as abridging her claim to an allowance for alimony. McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457. The claim for alimony in this case must be considered as in large measure reduced under the foregoing rule.

We are of opinion, however, that wife's claim to alimony is not entirely forfeited under all circumstances of this case. She lived with the husband 8 years; the husband himself admitted that she worked in the fields "Some"; at time of separation, for which the husband is to be charged, she was 54 years old; she has no property and no means of earning a living, so far as the record discloses. The husband has property shown by his own witnesses to be worth $15,000, he is able-bodied and able to earn an income as a farmer.

"In decreeing and fixing the amount of alimony, whatever discretion is given the court 'is judicial, not arbitrary,' and is subject to review on appeal.

19 Corpus Juris § 499, p. 206; Phillips v. Phillips, 221 Ala. 455, 129 So. 3.

"In Smith v. Rogers, 215 Ala. 581, 112 So. 190, 191, it was stated, as a rule deducible from our decisions, that the ' "allowance" contemplated by our statute is something more than a mere substitute for the current maintenance and support normally due from the husband to the wife during their joint lives and the continuance of the marriage relation. This is confirmed by our decisions which have adopted as a standard basis for estimating the allowance, subject, of course, to various qualifying circumstances, the approximate value of the wife's interest in the husband's estate if she were his surviving widow. Jeter v. Jeter, 36 Ala. 391, 401; King v. King, 28 Ala. 315.'

"In 1 R.C.L. 930, § 77, the rule is thus stated: 'The amount of the allowance ordinarily varies from one-half of the husband's estate to a third, or even less, although it would seem that where the wife is entitled to alimony and he is possessed of an estate, it would be *improper under any circumstances to give her less than what her dower interest therein would have been, for the reason that he should not be allowed to profit by his own wrong.'* (Italics supplied.)

"In Ortman v. Ortman, 203 Ala. 167, 170, 82 So. 417, 420, the considerations and circumstances to be considered in fixing the allowance for alimony are stated as follows: 'The wife's income or other means of support possessed by her, the joint labor and capacity for work of the husband and wife, their joint income; things blending with income, as personal labor, sources from which the common property came, whether there are children or other relatives to be supported or educated and on whom the burden thereof devolves; the nature, extent, and clearness of proof of the

husband's delictum, the demeanor and conduct of the wife toward the husband during the cohabitation; the ability of each party to earn money; the wife's forbearance and waiting to bring her suit; the husband's condition in life, health, and needs; the wife's condition in life, health, and needs; the ages of the parties and the cause of divorce (Lovett v. Lovett, 11 Ala. 763, 770); the ability of the court to enforce the decree (Bulke v. Bulke, 173 Ala. 138, 55 So. 490). In consideration for the husband, the decree should not be to "cripple him by compelling a sacrifice of his property. His ability to pay and hers to collect should be alike taken into the account and duly adjusted." '

"A husband who by his wanton or wicked conduct towards his wife has driven her to seek shelter under another roof-tree should not be allowed to profit by his wrongful conduct. In such a case the courts should be as liberal in dealing with the unfortunate wife as the estate of the husband will permit, having, of course, due regard to the condition of the husband's family and to all the circumstances of the case." Sharp v. Sharp, 230 Ala. 539, 541, 542, 161 So. 709, 711.

See also Puckett v. Puckett, 240 Ala. 607, 200 So. 420.

■■ It is our conclusion that $1,000 should be allowed appellant as permanent alimony and that an additional $100 be allowed her counsel for services on this appeal. Said sums are to be paid on or before the first day of December, 1959, and to secure payment of same a lien is hereby adjudged and fixed on all the real estate of appellee.

■ Appellee has filed in this court a motion to dismiss this appeal for the reason that appellant has married a third party pending the appeal. Pretermitting any consideration as to the validity of such marriage under § 38, Title 34, Code 1940,

we are of opinion that appellee's motion to dismiss is due to be denied. This appeal is to determine wife's claim to alimony as of the date of the decree appealed from. Her subsequent remarriage would operate upon the alimony claim as of the later remarriage date. In Morgan v. Morgan, 211 Ala. 7, 9, 99 So. 185, 187, this court said:

"* * * it appears from a closer examination * * * that, while the remarriage of the wife does not ipso facto annul the alimony, it affords a reason for doing so, and that the modification of the existing decree should operate upon the alimony as of the date of the remarriage. * * *"

The cause is remanded for proper proceedings in accordance with this opinion.

Application for rehearing granted.

Original opinion withdrawn.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.