GILLESPIE, Presiding Justice:
ON MOTION TO DISMISS APPEAL
The chancery court entered a decree granting Mrs. Klumb a divorce from Mr. Klumb, providing for $300 per month alimony, requiring Mr. Klumb to execute a $25,000 bond for the payment of the sum so allowed, requiring Mr. Klumb to insure his life for $25,000 with Mrs. Klumb as beneficiary, and ordering Mr. Klumb to pay Mrs. Klumb’s attorney. Mr. Klumb appealed, and has since remarried. Mrs. Klumb filed this motion to dismiss the appeal on the ground that by remarrying Mr. Klumb accepted the benefits of the decree and is estopped from prosecuting his appeal.
As to the decree in this case, that part granting the divorce is severable from other parts of the decree involving alimony, attorney’s fees and insurance protection. Appellant is not appealing from that part of the decree granting Mrs. Klumb a divorce. He is aggrieved at the other parts of the decree. We hold Mr. Klumb is not estopped from appealing from those parts of the decree involving financial matters. Weatherford v. Weatherford, 91 So.2d 179 (Fla.1956). It is conceded that Mr. Klumb’s remarriage estops him from appealing from that part of the decree granting the divorce. Our statute provides that matters touching alimony and sureties for the payment of alimony may be changed from time to time as circumstances may require. The divorce is final. Miss. Code Ann. § 2743 (1956). *455 Thus the statute recognizes that the divorce is severable from other parts of the decree.
The motion to dismiss the appeal is overruled.
Motion to dismiss overruled.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.