Virginia Warren NEAL *v.*
Arther Gerald NEAL

75-53                                                    524 S.W. 2d 460

Opinion delivered June 23, 1975

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*House, Holmes & Jewell,* for appellee.

J. FRED JONES, Justice. This is an appeal by Virginia Warren Neal from a divorce decree awarded to the appellee Arther Gerald Neal upon his counterclaim. The appellant contends for reversal that the chancellor's awarding of a divorce to the appellee was against the preponderance of the evidence; that the chancellor erred in failing to award alimony to the appellant, and that the chancellor's settlement of property rights was arbitrary and unsupported by the evidence.

Mr. and Mrs. Neal were married in 1937; three children, a daughter and two sons were born as a result of the marriage. The daughter Joann was married at the time this litigation was commenced; the older son Jerry was in the United States Army, and the younger son Kenneth was 17 years of age and still at home. The appellant and appellee went into the piano and organ sales business several years ago under the name "Gerald Neal Piano and Organ Company." The business prospered and it appears that Mr. and Mrs. Neal's marital difficulties increased in proportion to the prosperity of the business.

Mr. and Mrs. Neal separated several times and the present action was commenced when Mrs. Neal filed her petition for divorce on May 6, 1971, alleging general indignities as grounds for divorce. The appellee filed an answer of general denial and counterclaimed for divorce also alleging general indignities. On June 14, 1972, the chancery court entered its decree denying a divorce to both parties and awarding the custody of the minor son to Mrs. Neal and ordering Mr. Neal to pay certain alimony and child support.

After the expiration of three years from the date of separation, Mrs. Neal amended her original complaint on May 17, 1974, in which she reaffirmed the allegations of general indignities as set out in her original complaint and in addition alleged three years separation as grounds for divorce. The appellee then amended his counterclaim and also reaffirmed his prior allegations and as additional grounds alleged three years separation. The chancellor granted the divorce decree to Mr. Neal on his counterclaim and upon a finding of fact that Mrs. Neal was more at fault in bringing about the three years separation. Mrs. Neal remarried prior to perfecting this appeal and Mr. Neal has filed a motion to dismiss the appeal because Mrs. Neal has accepted the benefits of the divorce decree and has recognized its validity by remarriage. He contends that she is now estopped from questioning the validity of the decree.

Before discussing the points on which Mrs. Neal relies for reversal, we shall first discuss the appellee's motion for dismissal. The appellee cites the case of *Butts* v. *Butts*, 152 Ark. 399, 238 S.W. 600 (1922) as authority for his motion to dismiss. It is our view that the *Butts* case is distinguishable on its facts from the case at bar. In the *Butts* case the appellant denied the appellee's *grounds for divorce*, but in the case at bar the amended petition and amended counterclaim alleged three years continuous separation as grounds for divorce and the decree was granted on that ground.

In *McCormick* v. *McCormick*, 246 Ark. 348, 438 S.W. 2d 23 (1969) this court said:

"Furthermore, at the hearing of her motion to vacate

appellant agreed and it was stipulated that she and appellee had lived separate and apart for more than three consecutive years. A divorce under this section [§ 34-1202 (7) (Repl. 1962)],* upon proper proof, is mandatory upon the suit of either party, regardless of what caused the separation or who was at fault. *Brooks* v. *Brooks,* 201 Ark. 14, 143 S.W. 2d 1098 (1940); *Mohr* v. *Mohr,* 214 Ark. 607, 215 S.W. 2d 1020 (1948).

However, when a divorce is granted upon three year separation, the question who is the injured spouse is then considered in the settlement of property rights and the question of alimony. *Jones* v. *Jones,* 199 Ark. 1000, 137 S.W. 2d 238 (1940)."

Even in the absence of the absolute right to a divorce on three years separation without cohabitation, the majority rule appears to be that property rights and financial provisions are separable from the validity of a divorce decree. *Pope* v. *Pope,* 268 Ala. 513, 109 So. 2d 521 (1958); *Reed* v. *Reed,* 82 Ariz. 168, 309 P. 2d 790 (1957); *Wigton* v. *Wigton,* 73 Colo. 337, 216 P. 1055 (1923); *Klumb* v. *Klumb,* 190 So. 2d 454 (Miss. 1966); *Weatherford* v. *Weatherford,* 91 So. 2d 179 (Fla. 1956).

In *Alderson* v. *Alderson,* 258 Ind. 328, 281 N.E. 2d 82 (1972) the Indiana Supreme Court reversed its previous holding in *Sidebottom* v. *Sidebottom,* 249 Ind. 572, 233 N.E. 2d 667 (1968) and in doing so said:

"[T]his Court concludes that the general rule set forth in *Sidebottom* v. *Sidebottom, supra,* calling for summary application of the doctrine of estoppel when the appellant has remarried pending appeal, even though the appellant raises no question on appeal concerning the validity of the marital dissolution, should no longer be the law."

See *Owen* v. *Owen,* 208 Ark. 23, 184 S.W. 2d 808 (1945).

---

*Now Ark. Stat. Ann. § 34-1202 (7) (Supp. 1973).

In *Bradshaw* v. *Sullivan,* 160 Ark. 547, 254 S.W. 1064 (1923), a divorce decree was awarded to the plaintiff husband. The custody of the children was awarded to the defendant wife and she was awarded a one-third interest in a tract of land owned by the husband, and after the decree was entered an appeal was perfected. Subsequent to the rendition of the decree the plaintiff died and the cause was revived in the name of his administratrix. In upholding the appeal this court said:

> "In 1 C.J., page 171 § 289 of the chapter of Abatement and Revival, it is said: 'Where the party seeking a divorce appeals from a judgment, simply denying it, and pending the appeal either party dies, the appeal and the action abate absolutely and cannot be revived, there being no one living who can legally have any interest in the same. But it is otherwise in so far as the property rights of the parties are involved. . .'
>
> We do not have for decision the question whether an appeal could be prosecuted where no property rights are involved, for property rights were adjudged here; and there appears to be no division of authority as to the existence of the right of appeal when the decree also adjudicates property rights. 7 Enc. of Proc., page 834.
>
> In the case of *Strickland* v. *Strickland,* 80 Ark. 451, the court had decreed in favor of the husband, and the wife appealed, and after the submission of the cause the husband died. The court said: 'Of course, death terminates a divorce suit; but where property rights depend on the correctness of a divorce decree, and an appeal has been taken from it, it is the duty of the appellate court to review the decree in order to settle the property rights. (Citing cases).' See also *Johnson* v. *Bates,* 82 Ark. 284."

We are of the opinion that the appellee's motion to dismiss the appeal should be denied.

As to the appellant's first point, the so-called three year separation statute is the seventh ground for divorce under Ark. Stat. Ann. § 34-1202 (Supp. 1973) which provides as follows:

"Where either husband or wife have lived separate and apart from the other for three (3) consecutive years, without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether such separation was the voluntary act or by the mutual consent of the parties and the question of who is the injured party shall be considered only in cases wherein by the pleadings the wife seeks either alimony under Section 34-1211, Arkansas Statutes 1947, or a division of property under Section 34-1214. Arkansas Statutes 1947, as hereby amended, or both."

The appellant admits in her brief that because she sought alimony and a division of the property in her petition, the chancellor properly considered the question of who was the injured party. According to the chancellor's findings the appellant held assets in her own name valued at $61,948.00 and the appellee held personal assets in his name with a net value of $93,915.80. The appellee also held the piano business in his name with a net value of $57,634.67. The appellant and appellee jointly held assets valued at $93,718.44. The chancellor awarded to each party the personal assets held in their own names. He directed that the jointly held property be sold and the proceeds equally divided. He awarded to the appellant the home furnishings and directed the appellee to pay to the appellant $40,000.00 in lieu of her interest in the piano business.

The appellant first argues that the chancellor adopted an incorrect rule of law in concluding that where the wife is found more at fault she is entitled to no alimony and no division of property. The appellant then cites a number of cases in which we have held that where the divorce is to the husband and the *equities justify*, the courts have power to award the wife an interest in the husband's real property. We are of the opinion that the appellant's argument is without merit. As we interpret the chancellor's findings and decree, the degree of fault was mentioned by the chancellor only in determining the injured party, as required by the statute, and was not based on the erroneous conclusion of law as the appellant contends. See *Lewis* v. *Lewis*, 255 Ark. 583 502 S.W. 2d 505 (1973); *Alexander* v. *Alexander*, 227 Ark. 938, 302 S.W. 2d 781

(1957). It is well recognized that a chancellor has a broad range of discretion in determining property rights of divorced parties, particularly when the divorce is based on the three year separation statute. *Narisi* v. *Narisi,* 233 Ark. 525, 345 S.W. 2d 620 (1961); *Lewis* v. *Lewis, supra.*

The appellant next argues that the chancellor's finding that the appellant was more at fault in the dissolution of the marriage than the appellee, was against the preponderance of the evidence. It is well settled that chancery cases are reviewed de novo on appeal and the chancellor's decree will not be reversed on disputed facts unless the findings are against the preponderance of the evidence. *Greer* v. *Greer,* 193 Ark. 301, 99 S.W. 2d 248 (1936). A compelling reason for this well settled rule is the fact that the chancellor is in a better position to evaluate the testimony of the witnesses as he hears them testify and observes their demeanor while doing so. *Dennis* v. *Dennis,* 239 Ark. 384, 389 S.W. 2d 631 (1965).

It would be difficult to find a case where an appellate court is more dependent on the chancellor's observation of the witnesses as they testify than in the case at bar. The testimony of both parties and their respective witnesses set out numerous actions by the other party which destroyed the marriage. It is safe to say that virtually the only things they agreed upon were the date the appellee and the appellant were married and the fact that they had been separated for three years prior to the divorce action. We deem it unnecessary to set out the testimony in sordid detail for we have read the briefs and examined the record and we are unable to say that the chancellor's findings that the appellant was more at fault in destroying the marriage is against the proponderance of the evidence.

As to the appellant's contention that the chancellor erred in failing to award alimony, the award of alimony is within the sound discretion of the chancellor in divorce cases. In *Wiles* v. *Wiles,* 246 Ark. 289, 437 S.W. 2d 792 (1969), we said:

"The chancellor has broad powers and wide discretion in fixing or refusing support payment and we do not dis-

turb his action unless there is an abuse of discretion . . . In each case proper consideration must be given to the respective financial conditions of the parties and many other circumstances, including their mutual conduct. . ."

In *Walker* v. *Walker*, 248 Ark. 93, 450 S.W. 2d 1 (1970), the chancellor refused to award alimony and in that case we said:

"We must examine the particular facts and circumstances in the case to determine whether the chancellor abused his discretion.

. . . As in the case of a money award of alimony to the defaulting wife, such an allotment would be in the sound discretion of the chancellor. We repeat that we are unable to say the chancellor abused his discretion in refusing to award alimony in any form."

We are unable to say the chancellor abused his discretion in failing to award alimony in the case at bar.

In argument under her third point the appellant states she has no objection to the chancellor's holding that the jointly owned properties, excluding home furnishings, should be sold and the proceeds equally divided. It appears that the appellant's primary objection was to the chancellor's award of $40,000.00 representing the value of her interest in the piano and organ business. The appellant then recites the time, effort and money she had put into the business in past years and cites cases in which the wife was awarded half the value of business property in divorce settlements.

During the course of the trial both parties prepared financial statements listing their assets and income. The appellant complains that the chancellor accepted the appellee's estimate of value of the business at $57,000.00; but, according to a financial statement as of March 15, 1972, offered by the appellant as her exhibit No. 2, the net worth of the business including a truck, boat, bus, and inventory, was only $81,017.62. Consequently, the chancellor's award of

$40,000.00 came to approximately 49% of the highest estimated value and there was undisputed testimony that the business had lost money since March, 1972. We conclude that the value of the business at $57,000.00 as found by the chancellor was not against the preponderance of the evidence.

The appellant also argues that the chancellor erred in not awarding her a separate interest in a cabin cruiser and a note held by the appellee on the sale of some property on South Taylor Street. There is evidence in the record that the appellee bought and paid the appellant for her interest in these items. From the entire record before us in this case we are unable to say that the chancellor's findings and decree were against the preponderance of the evidence, or that the chancellor erred as a matter of law.

The decree is affirmed.

FOGLEMAN, BYRD and HOLT, JJ., not participating.