Charles S. Tompkins (the "husband") appeals from a judgment of the Crenshaw Circuit Court divorcing him from Sandra Tompkins (the "wife"). The husband argues that the trial court erred by awarding the wife 65% of an individual retirement account maintained through Regions Bank, by setting his child-support obligation at $2,500 per month, and by granting custody of the parties' child to the wife.[1] The wife filed a motion to dismiss the husband's appeal because he had allegedly remarried within 60 days of the divorce judgment in violation of Ala. Code 1975, §§30-2-10, and the corresponding portion of the trial court's judgment.
The parties married in 1986 and had one child, a daughter, who was born in September 1991 and whom the parties adopted a few months after her birth. In October 1999, the husband filed a complaint for divorce in the Crenshaw Circuit Court and requested that he be granted custody of the child. The wife filed an answer and counterclaimed for a divorce, likewise requesting that she be granted custody of the child and also that she be awarded alimony and child support. *Page 761 
After an ore tenus hearing, the trial court entered a judgment of divorce on September 13, 2000.[2] The parties each filed a postjudgment motion; those motions were denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P.
Before considering the issues raised on appeal by the husband, we first address the wife's motion to dismiss the husband's appeal. The wife argues that we should dismiss the appeal because, she says, the husband remarried within 60 days of the divorce judgment in violation of Ala. Code 1975, § 30-2-10, and the corresponding portion of the trial court's judgment.
Section 30-2-10 states, in pertinent part:
 "When a judgment has been entered granting a divorce in this state, the court shall order that neither party shall again marry, except to each other, until 60 days after the judgment is entered, and that if an appeal is taken within 60 days, neither party shall again marry, except to each other, during the pendency of said appeal."
The trial court's judgment stated, in pertinent part:
 "[N]either party shall marry again except to each other until sixty (60) days after the date of this final judgment, and if an appeal is taken (which must be instituted within forty-two (42) days from the date of this judgment or from the date that a post-trial motion is denied) then neither party shall marry except to each other during the pendency of the appeal."
It is undisputed that the husband remarried in December 2000 while the parties' postjudgment motions were pending.
In Pope v. Pope, 268 Ala. 513, 109 So.2d 521 (1958), a wife appealed from a judgment of divorce because the trial court refused to award her alimony. The wife remarried while her appeal was pending, and the husband filed a motion asking the Alabama Supreme Court to dismiss the wife's appeal based upon her remarriage. Pope, 268 Ala. at 516,109 So.2d at 524. The Alabama Supreme Court denied the husband's motion to dismiss the wife's appeal and treated the alimony issue as a severable provision in the trial court's judgment. Pope, 268 Ala. at 517, 109 So.2d at 524;accord Weatherford v. Weatherford, 91 So.2d 179 (Fla. 1956); Klumb v.Klumb, 190 So.2d 454 (Miss. 1966); see also Neal v. Neal, 258 Ark. 338,341, 524 S.W.2d 460, 462 (1975) ("the majority rule appears to be that property rights and financial provisions are separable from the validity of a divorce decree").
The husband's appeal has raised issues only as to the financial and custody provisions of the trial court's judgment. Neither party has argued that the trial court improperly granted the divorce. *Page 762 
Moreover, even if the propriety of the parties' divorce were at issue, the wife has cited no authority holding that the dismissal of a spouse's appeal is an appropriate remedy for an alleged violation of Ala. Code 1975, § 30-2-10. Based upon the foregoing, the wife's motion to dismiss the husband's appeal is denied.
As to the merits of the husband's appeal, the husband first argues that the trial court erred by awarding the wife 65% of his Regions Bank individual retirement account. As to the division of the parties' retirement accounts, the trial court stated:
 "a. The parties shall . . . divide the Husband's State Farm Individual Retirement Account . . . with an approximate value of . . . ($20,778.00).
 "b. The parties shall equally divide the Husband's Regions Bank Individual Retirement Account . . . with an approximate value of . . .($309,186.00) so that Wife receives 65% and Husband receives 35%.
 "c. The retirement account divisions stated herein are meant to be free of any tax liability and/or consequences to either party as it is a property division pursuant to a divorce. The parties shall do all acts necessary and complete any documents necessary in order for this division to occur and so that neither party incurs any adverse income tax consequences. The Court hereby reserves jurisdiction over the issue of the retirement account division to insure the proper implementation of this paragraph.
 "d. The Wife shall have as her separate property all funds which are located in her State Farm Individual Retirement Account, which has an approximate balance of . . . ($12,167.00)."
The division of retirement benefits in a marital estate is governed by Ala. Code 1975, § 30-2-51, which states, in pertinent part:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
". . . .
 "(3) The total amount of the retirement benefits payable to the noncovered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
In their postjudgment motions both parties argued that the trial court erred in awarding the wife more than 50% of the husband's Regions Bank individual retirement account. However, the wife also requested that the trial court "make up the fifteen . . . percent difference that she would be foregoing . . . [by awarding her] a one time alimony in gross payment of . . . ($46,378.00)." As noted above, the parties' postjudgment motions were denied by operation of law pursuant to Rule 59.1, Ala.R.Civ.P.
Based upon the plain language of the trial court's judgment and Ala. Code 1975, § 30-2-51(b)(3), the trial court erred by awarding the wife 65% of the husband's Regions Bank individual retirement account. That portion of the judgment is due to be reversed and the case remanded for the trial court to reconsider its property division, taking into account § 30-2-51(b)(3).
The husband next argues that the trial court erred by setting his child-support obligation at $2,500 per month[3] *Page 763 
because, he says, the trial court based the award solely on his perceived ability to pay and the award "does not rationally relate to the reasonable and necessary needs of a nine-year-old child." The husband also argues that in establishing his child-support obligation, the trial court failed to "impute income to the wife who was voluntarily unemployed notwithstanding her college degree and a demonstrated ability to work as a bookkeeper in a physician's office."
The parties' federal income-tax returns indicated that the husband, who is a physician, had gross income from his medical practice of approximately $250,000 per year in 1996, 1997, and 1998 and approximately $148,000 in 1999. The wife also offered evidence indicating that the husband had adjusted his work schedule in 1999 to reduce the income that he received from his medical practice and that the husband's projected taxable income for 1999, including one-time investment distributions, exceeded $300,000. Pursuant to Rule 32(C)(1), Ala. R. Jud. Admin., "[t]he court may use its discretion in determining child support in circumstances where combined adjusted gross income . . . exceeds the uppermost levels of the schedule," i.e., $10,000 per month. The trial court's discretion is not unbridled, however, and must meet a two-pronged test:
 "The award of child support must rationally relate to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce, and it must reasonably relate to the obligor parent's ability to pay for those needs."
Brasfield v. Brasfield, 679 So.2d 1091, 1094 (Ala.Civ.App. 1996) (first emphasis original; second emphasis added); see also Dyas v. Dyas,683 So.2d 971, 973 (Ala.Civ.App. 1995), aff'd and remanded, 683 So.2d 974
(Ala. 1996). "To avoid a finding of an abuse of discretion on appeal, a trial court's judgment of child support must satisfy both prongs."Dyas, 683 So.2d at 974.
The husband had been the sole source of income for the family. In June 2000, he filed a child-support obligation income statement affidavit stating that he had gross monthly income of $12,525; the wife filed a child-support obligation income statement indicating that she had no gross monthly income. The wife had assisted with some administrative matters at her husband's office on occasion after the parties married and until the husband filed his complaint for divorce. However, there is no evidence indicating that she was paid for her services, and the record reflects that the wife had not been employed since the parties adopted the child.
The record reflects that at the time of trial the parties' child was nine years of age and participated in several extracurricular activities, including horseback riding, gymnastics, and dance lessons. She has enjoyed the use of her parents' two vacation homes in Florida. The record reflects that the child has had the benefit of a somewhat privileged lifestyle. The wife testified that she was considering enrolling the child in private school if she and the child moved to Montgomery. The wife provided an itemized estimate of living expenses for herself and the child that totaled $11,570 per month. Given the standard of living the child enjoyed before the divorce, the wife testified that she *Page 764 
needed $3,000 per month for the child's support.
Under the ore tenus rule, the trial court's judgment is presumed correct and this court will not reverse the judgment absent a showing that the trial court's findings are plainly and palpably wrong or that the trial court abused its discretion. See Somers v. McCoy, 777 So.2d 141,142 (Ala.Civ.App. 2000). While we might have made a different child-support award in this case, this court "may not substitute its judgment for that of the trial court." Id. Based upon a careful review of the entire record in this case, we cannot say that the trial court abused its discretion when it ordered the husband to pay $2,500 per month in child support.
The husband next argues that the trial court erred in granting the wife "sole" custody of the parties' child.[4] He argues that the parties had requested joint custody of their child and that the trial court erred by not making specific findings pursuant to Ala. Code 1975, §30-3-152(c), as to why it had not granted the parties joint custody of their child. He also argues that it would have been in the child's best interest for the trial court to award the parties joint custody.
Pursuant to Alabama's joint-custody statute "joint custody" is defined as "[j]oint legal custody and joint physical custody." Ala. Code 1975, § 30-3-151(1). Both "joint legal custody" and "joint physical custody" are separately defined. See Ala. Code 1975, §§ 30-3-151(2) and (3). Section 30-3-152(c), Ala. Code 1975, states, in pertinent part:
 "If both parents request joint custody, the presumption is that joint custody is in the best interest of the child. Joint custody shall be granted in the final order of the court unless the court makes specific findings as to why joint custody is not granted."
(Emphasis added.)
Each party in their respective pleadings requested sole or primary custody of the child. At trial, although the husband testified that he desired that the parties be awarded joint custody of their child if the wife remained in Crenshaw County, he stated that he wanted primary custody of the child if the wife moved from Crenshaw County. The record indicates that the wife intended to relocate to Montgomery.[5] For her part, the wife testified that she desired "joint legal and primary custody" of the parties' child. Based upon the record, the trial court reasonably could have concluded that both parents did not request "joint custody" in the manner contemplated by [section] 30-3-152(c) and that the presumption established by that section therefore did not apply. Accordingly, we cannot say that the trial court erred in not making "specific findings" as to why it did not award the parties joint custody of the child.
A trial court's custody determination based upon ore tenus evidence is presumed correct and will not be reversed on appeal unless "`the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown.'"Bryant v. Bryant, 739 So.2d 53, 55 *Page 765 
(Ala.Civ.App. 1999) (quoting Phillips v. Phillips, 622 So.2d 410, 412
(Ala.Civ.App. 1993)). Also, "[w]hen a trial court does not make specific findings of fact concerning an issue, an appellate court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous." McGough v. McGough,710 So.2d 452, 453 (Ala.Civ.App. 1997). In respect to a trial court's determination as to what custody arrangement would be in a child's best interest, we have held:
 "In making its custody determination, the trial court should consider a number of factors, including the age and sex of he chid and each parent's ability to provide for the child's emotional, social, moral, material, and educational needs."
D.L. v. R.B.L., 741 So.2d 417, 419-20 (Ala.Civ.App. 1999). Further, Alabama's joint-custody statute states, in pertinent part:
 "(a) The court shall in every case consider joint custody but may award any form of custody which is determined to be in the best interest of the child. In determining whether joint custody is in the best interest of the child, the court shall consider the same factors considered in awarding sole legal and physical custody and all of the following factors:
 "(1) The agreement or lack of agreement of the parents on joint custody.
 "(2) The past and present ability of the parents to cooperate with each other and make decisions jointly.
 "(3) The ability of the parents to encourage the sharing of love, affection, and contact between the child and the other parent.
 "(4) Any history of or potential for child abuse, spouse abuse, or kidnapping.
 "(5) The geographic proximity of the parents to each other as this relates to the practical considerations of joint physical custody."
Ala. Code 1975, § 30-3-152(a).
The husband's argument for joint custody is based largely upon the favorable relationship he has had with the child. Based upon our review of the record, however, and considering the applicable factors the trial court was bound to consider, we conclude that there was substantial evidence to support the trial court's determination that awarding the parties joint custody of the child would not be in the child's best interest. Conversely, we cannot conclude from the record before us that the trial court's decision to award custody of the child to the wife was plainly and palpably wrong. That portion of the trial court's judgment awarding custody of the parties' child to the wife therefore must be affirmed.
As a consequence of the erroneous award of 65% of the husband's Regions Bank individual retirement account to the wife, that portion of the trial court's judgment pertaining to the division of property is reversed. The portions of the trial court's judgment pertaining to the husband's child-support obligation and the award of sole custody of the parties' child to the wife are affirmed. The cause is remanded for proceedings consistent with this opinion.
The appellee's request for the award of an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, P.J., and Thompson and Pittman, JJ., concur.
[1] Initially, the husband also argued on appeal that the trial court erred by denying his postjudgment motion without holding a hearing. However, the husband filed a motion with this court requesting that we voluntarily dismiss that issue. We granted that motion.
[2] In addition to the aspects of the trial court's judgment from which the husband appeals, the trial court awarded the wife alimony in the following amounts: $5,000 per month for 24 consecutive months following the divorce, $4,000 per month for each of the next 36 consecutive months, $3,000 per month for each of the next 36 consecutive months, and $2,000 per month for each of the next 36 consecutive months. The judgment also included a property division in which the husband was awarded the parties' marital home, their farmland and commercial property, the office where the husband practiced medicine, an office building in Brantley, a parcel of real property that included a storage building, two automobiles, all farm equipment, three horses, two golf carts, a "peanut wagon," and certain other property. The wife was awarded two properties that were located in Seagrove, Florida, and Inlet Beach, Florida, an automobile, the parties' household furnishings, and certain other property. With the exception of the award to the wife of 65% of one of the husband's retirement accounts, neither party asserts any error by the trial court in respect to either the alimony award or the property division.
[3] The trial court's judgment also required the husband to maintain medical and dental insurance for the child and to pay all of the child's reasonable and necessary medical and dental expenses.
[4] The husband was awarded visitation rights that, among other things, included visitation every other weekend, one afternoon each week, alternating holidays (including spring break), four weeks each summer, and such other periods as to which the parties may agree between themselves.
[5] The husband's brief to this court asserts that the wife and the child moved to Montgomery during the pendency of this appeal. *Page 766